### TITUS v. TANGEMAN.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—ACCIDENT—LIABILITY OF MASTER.

An automobile was being drawn along the street by another, when both were stopped by a blockade, the rope connecting them slacking to the pavement, and upon plaintiff's attempt to pass between the machines to a sidewalk she was tripped by the raising of the rope, occasioned by the chauffeur moving the forward machine. *Held*, that defendant, who was apparently in charge of the machines was not liable for plaintiff's injuries, though he had told her she might pass between the machines; the chauffeur not knowing of her presence, and the defendant having no cause to believe that he would move the machine when he did.

2. SAME—ACTIONS—WEIGHT OF EVIDENCE AS TO RELATION.

Where plaintiff was injured while attempting to pass between two automobiles, with defendant's permission, by being tripped by a rope raised from the ground by the chauffeur moving the forward machine, evidence *held* to show that the chauffeur was not the servant of defendant, but of another.

Appeal from Trial Term, New York County.

Action by Mary W. Titus against Cornelius Hoagland Tangeman. From a judgment for plaintiff and an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Almet Reed Latson, for appellant.
John V. Bouvier, Jr., for respondent.

HOUGHTON, J. The defendant was steering a disabled automobile, which was being hauled by an attached rope about 10 feet in length by another machine operated by steam, in the charge of a chauffeur. A blockade of traffic was encountered, and the two machines were brought to a standstill near the curb; the rope resting on the pavement. The plaintiff, accompanied by her daughter, endeavored to cross the blockaded street, and in doing so came to a point between the car tracks and the stationary automobiles, when she changed her mind and concluded to return to the sidewalk. She asked the defendant if she might pass between the two machines, and he replied that she could. She started to do so, when, as she claims, the front machine started forward a few inches, raising the rope from the ground and tripping her so that she fell, causing quite serious injuries. The defendant gave his card to the daughter, and, according to her testimony, said that both machines belonged to him.

It is not claimed that there was any negligence on the part of the defendant in hauling the disabled machine through the streets by means of a rope attached to another machine, or in stopping in the street by reason of the blockade. The theory of the plaintiff is that the defendant, having given her permission to pass between the two machines, owed some duty of warning to the chauffeur not to start the forward machine so as to raise the rope from the ground or to put any impediment in the way of plaintiff's progress. The blockade to traffic had not been unbroken so that there was any likelihood that the chauffeur would start on that account, nor were any facts shown which could have led the defendant to believe that for any reason the forward machine was likely to be started. Conceding, as the plaintiff claims, that the defendant was in charge of both machines, and that the chauffeur was his servant, still, under the circumstances disclosed, we see no negligence on his part. It is not claimed that the chauffeur knew that the plaintiff was about to cross between the two machines, or that he had any reason to believe that she was about to do so. The forward machine moved less than a foot at most, and the chauffeur, having no reason to believe that such a movement would be likely to injure the plaintiff or any one else, was guilty of no negligent act. If the blockade to traffic had been removed and from that cause or any other the defendant had reasons to believe that the chauffeur was about to start the forward machine, having given the plaintiff permission to pass between them, or seeing that she was about to do so, very likely he should have called out to him not to start; but such was not the situation. We see nothing in the facts disclosed by the record, except one of those unfortunate accidents for which no one is responsible.

We have treated the case thus far as though the chauffeur was the servant of the defendant. The testimony shows, however, that he was not, but was the servant of defendant's father. The forward machine belonged to the father, and the rear machine was under trial for purchase by him. It having broken down, the father directed the chauffeur to take the rear machine and haul it to a repair shop, and the defendant was requested to go along to steer it as it was being

hauled. This state of affairs did not make the chauffeur the servant of the defendant. On the contrary, he was proceeding upon the business of his master, and the defendant was simply assisting him. There is no contradiction of these facts except the alleged admission of defendant, which he denies having made, and the further circumstance that he had obtained from the Secretary of State a license as owner to run the rear machine. The weight of evidence is so overwhelming, however, that the chauffeur was not the servant of the defendant, if no other reason existed, a new trial should be granted upon that ground. The defendant having no reason to believe that the chauffeur was about to start the forward machine, if it started at all, which the chauffeur denies, the starting of it was the negligence, if there was any, of the chauffeur, and hence the negligence of the father, whose servant he was, and not of this defendant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.