CANFIELD v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Division, First Department.  November 6, 1908.)

MUNICIPAL CORPORATIONS (§ 705*) — STREETS — LIABILITY FOR NEGLIGENCE —
CARE REQUIRED.

The power of an electric hansom belonging to defendant having become weak, it was towed by another hansom of defendant with a rope about six or seven feet in length. A driver was seated on the high seat in the rear of each machine. At a street crossing an officer in charge of the traffic signaled them to stop, which they did, and plaintiff attempted to pass between the hansoms. The rear driver, seeing her, called out a warning of the rope, which she testified she did not hear, and she was caught by the rope and thrown. Held, that defendant was not negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Appeal from Trial Term.

Action for personal injuries by Delia A. Canfield against the New York Transportation Company. From a judgment for plaintiff for $1,642.29, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Arthur K. Wing, for appellant.
L. & A. U. Zinke (Louis Zinke, of counsel), for respondent.

CLARKE, J.  At about 6:50 p. m. on the evening of December 22, 1905, two electric hansoms owned by the defendant were proceeding north on Broadway. The power in the rear machine had become weak, and it was being towed by means of a rope about an inch to an inch and a half in thickness, and about six or seven feet in length, which connected the two vehicles. A driver was seated on the high seat in the rear of each machine. At Thirty-Fourth street a police officer in charge of the traffic signaled them to stop, and they did stop on the south side of Thirty-Fourth street, and close to the sidewalk on the right-hand side of Broadway.

The plaintiff testified that she was crossing Broadway and Sixth avenue, headed for the corner of Thirty-Fourth street; that she got clear across both sets of tracks; that she saw the first automobile approaching, and that she stood and allowed it to pass; that she looked up and saw another automobile in motion, but suddenly stop; that she looked at the chauffeur; that after the first vehicle had stopped she stood for probably half a minute or a minute to let this vehicle come to a stop; that she looked straight ahead; that she proceeded rapidly, when she was caught by a rope and thrown down; that at no time did she see this rope before she fell; that after she got up she saw the number on the automobile clearly, and had no difficulty in seeing it. The chauffeur on the rear automobile testified that after they had stopped, in response to the order from the police officer, a little south of the crossing, he saw the lady, and shouted, "Hey there! you can't come across here. Look out there, lady! There is a rope there"—and that she

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

came along and fell down. The chauffeur on the first machine testified that he heard the warning given. The plaintiff testified that she did not hear the warning and did not see the rope.

I am unable to discover, upon these facts, upon what a finding of negligence on the part of the defendant can be predicated. When an automobile loses its motive power, it must be moved by the application of some outside power. The ordinary and common way is by attaching it to another vehicle and towing it to the garage. The machines were at rest. The plaintiff swore positively that she stood for not less than half a minute after they stopped. The light was sufficient for her to read the number on the machine. That she did not see any rope may be admitted; but its position between the two machines, under the circumstances, could not be held to be an act of negligence. Nor can I see that the defendant is any more responsible for her act in running into the rope than if she had run into the machine itself. The automobiles were on the street, where they had a right to be. They had been ordered by the police to stop at the place where they then stood. Seeing the plaintiff suddenly try to pass between the vehicles, the only thing that the men in charge could do was to warn her, and this they did. I am of the opinion that the verdict was not warranted by the evidence.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and McLAUGHLIN and SCOTT, JJ., concur. HOUGHTON, J., concurs as against weight of evidence.