Giovanni Rappetti, Appellant, *v.* Peugeot Auto Import Company, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Negligence — what is a dangerous obstruction — actions — automobiles — evidence.

A rope stretched across a city sidewalk about two feet above the ground is a dangerous obstruction.

Where in an action to recover for personal injuries it appeared that while plaintiff and his employer were walking along the sidewalk engaged in conversation plaintiff noticed defendant's automobile crossing the sidewalk to a garage and he also noticed a second automobile about twelve feet back of the first one approaching the garage entrance. The two pedestrians stopped just long enough to permit the first auto to pass and after taking a step or two on their onward way both of them tripped and fell and plaintiff's wrist was severely sprained and on getting up he found that he had tripped over a tow rope eighteen inches above the sidewalk which was attached to the first automobile and was being used to tow the second machine. Although both pedestrians were in full view of the chauffeur of the first automobile when crossing the sidewalk no warning of the presence of the tow line was given. Held, that upon the facts plaintiff had made out a *prima facie* case of negligence against the owner of the first automobile.

Appeal from a judgment of the City Court of the city of New York dismissing the complaint upon the merits at the close of the plaintiff's case.

Richard E. Weldon, for appellant.

Harry Bijur, for respondent.

Shearn, J. This is an action to recover damages for personal injuries sustained through negligence.

At about six P. M. on January 15, 1915, after dark, plaintiff, in company with his employer, William Ordway Partridge, the sculptor, was walking towards the west on the sidewalk on the south side of Fiftieth street between Sixth and Seventh avenues in the borough of Manhattan, city of New York. Near the middle of the block there is an automobile garage, into which there is a passageway from the street, crossing the sidewalk. As plaintiff approached the garage entrance, and while engaged in conversation with his employer, he noticed defendant's automobile, which was crossing the sidewalk to enter the garage, and he also noticed a second automobile approaching the garage entrance. The second automobile was about twelve feet back of the first one. Plaintiff and his companion stopped just long enough to permit the first automobile to pass, and then proceeded on their way. After taking a step or two, both men tripped and fell, and plaintiff severely sprained both wrists. On getting up, plaintiff found that he tripped over a tow-rope, some eighteen inches above the sidewalk, which was attached to the first automobile and was being used to tow the second machine. Although plaintiff and his companion were in full view of the chauffeur operating the first automobile when it crossed the sidewalk, no warning of the presence of the tow-line was given. Upon these facts, it is claimed that no *prima facie* case of negligence was made out. The basis of this contention is that it could not have been reasonably anticipated by the chauffeur that the plaintiff would cross immediately behind the first automobile and trip over the tow-line under the circumstances existing. It seems to me that this is just what any person of ordinary intelligence would have anticipated. The automobiles were not going fast and it is a most common thing for pedestrians to pass in front

of on-coming automobiles proceeding slowly at crossings where there is as much of a margin of safety as twelve feet. Particularly is this so where, as at the entrances to garages and to many apartment houses and hotels, automobiles are permitted to cross the sidewalk. With the tens of thousands of automobiles that now swarm the city streets, it is second nature for a pedestrian to proceed on his way immediately after a blockading automobile has passed, and he has a right to do so unless halted by traffic rules or by the danger of a swiftly approaching vehicle. Otherwise in a stream of slowly moving traffic pedestrians would never get across the streets at all. So it cannot be said that the chauffeur could not reasonably anticipate that the plaintiff and his companion, who were halted on the sidewalk by the first automobile, would not immediately proceed on their way once it had passed although another automobile was approaching slowly twelve feet away. That plaintiff and his companion might fail to see the tow-rope in the dark certainly might be reasonably anticipated. And if they failed to see the tow-rope, the almost inevitable result would be that they would trip over it and fall. A rope stretched across a city sidewalk nearly two feet above the ground is a dangerous obstruction. That it was the duty of the chauffeur as he passed the plaintiff to call out and give some warning of the presence of the tow-line at a time of night that it was so dark that it could not readily be seen is too plain to require further discussion. *Young* v. *Herrmann,* 119 App. Div. 445; affd., 192 N. Y. 554. The case of *Canfield* v. *New York Transportation Co.,* 128 App. Div. 450, on which the learned counsel for the respondent places so much reliance, assuming that it is not inferentially overruled as an authority by *Young* v. *Herrmann,* presents a radically different state of facts, for in the *Canfield*

case the automobiles were in the street and it was light
enough for the plaintiff to see the number on one of
the automobiles and the chauffeur on the rear auto-
mobile shouted out a warning.   Neither is there any-
thing to support the respondent in *Titus* v. *Tangeman,*
116 App. Div. 487.   In that case a blockade in traffic
stopped the two machines and the rope rested on the
pavement, and while in this position the defendant
gave the plaintiff permission to pass between the two
machines.   Plaintiff claimed that as she started to do
so the front machine moved forward about a foot
·which raised the rope and tripped her.   It was held
that the defendant could not be charged with negli-
gence in failing to warn the chauffeur of the forward
machine that the plaintiff was about to pass where no
facts were shown which could have led the defendant
to anticipate that the forward machine would be
moved.   Obviously there is no parallel between the
facts in that case and the case at bar, in which we are
dealing with the negligence of the chauffeur of the for-
ward machine, who, under circumstances that would·
have reasonably led him to anticipate that the plain-
tiff would pass immediately behind the forward auto-
mobile, failed to give any warning of the presence of
the tow-line.

GUY, J., concurs; BIJUR, J., not sitting.

Judgment reversed and new trial ordered, with
costs to appellant to abide event.