ROSE A. WOLCOTT, as Executrix, etc., of CHARLES I. WOL COTT, Deceased, Respondent, *v.* RENAULT SELLING BRANCH, INC., Appellant.

First Department, December 29, 1916.

Motor vehicles — negligence — death resulting from tripping over rope used to tow disabled automobile — evidence not establishing negligence — steering of disabled car by unlicensed chauffeur.

There can be no recovery for the death of a pedestrian who, while attempting to cross a city street, tripped over a tow line ten feet in length by which a disabled motor vehicle was being towed by another motor vehicle at a very low rate of speed, where it appears that having stopped after a warning from the first vehicle he attempted to pass between them although warned by the driver of the second vehicle to look out for the rope, and the driver of the second vehicle unsuccessfully attempted to avoid striking the decedent by running his car upon the sidewalk. Such facts do not establish negligence on the part of the servants of the defendant. It is not negligent *per se* for one motor vehicle to tow another.

A recovery cannot be based upon the fact that the employee steering the disabled car was not a licensed chauffeur, for he was not driving the car under its own power, and hence not within the prohibition of section 289, subdivision 4, of the Highway Law.

Even if it be assumed that the statute prohibiting the driving of motor vehicles by unlicensed chauffeurs was applicable, there can be no recovery in the absence of proof that the lack of a license had a bearing upon the accident by reason of lack of skill by the chauffeur.

APPEAL by the defendant, Renault Selling Branch, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of June, 1916, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office

on the 10th day of July, 1916, denying defendant's motion for a new trial made upon the minutes.

*Harry A. Talbot,* for the appellant.

*H. H. Snedeker,* for the respondent.

SCOTT, J.:

Plaintiff has recovered a judgment for damages for the death of her husband, resulting, as she alleges, from the negligence of defendant.

The accident happened on Fifty-third street, just west of Eighth avenue in the city of New York, about noon on a bright, clear day in May, 1915. It resulted from the attempt of the deceased to pass between two vehicles belonging to defendant, one of which was being towed by the other. The deceased tripped over the tow line and was thrown violently to the ground receiving injuries, either from the fall or from being hit by one of the vehicles, which resulted in his death. Both of the vehicles were automobiles, only the front one, however, was running by its own power, the rear one being towed by it. The two were connected by a new tow line, which left a distance of about ten feet between the front and rear car. The vehicles were running at a very low rate of speed and were apparently well under control. They were going in a westerly direction upon the upper or right-hand side of the street. The deceased started from the lower side of the street to cross to the upper. The driver of the first, or towing car, blew his horn, whereupon the deceased stopped about in the middle of the roadway to allow that car to pass. He then started to go between the cars, apparently not seeing the tow line between the vehicles, which was about a foot and a half or two feet above the ground. As he started the driver of the second vehicle called out to him to look out for the rope. Whether deceased heard the warning or not, of course, cannot be determined, but at all events he went right on. The driver of the towed car put on his brake and steered the car to the right and partly up on the sidewalk in the effort to avoid deceased, but was unsuccessful. We are unable to find in the case any evidence of negligence on the part of the defendant. Certainly

it was not negligent *per se* to tow one vehicle with another (*Canfield* v. *New York Transportation Co.*, 128 App. Div. 450; *Titus* v. *Tangeman*, 116 id. 487), and there is no evidence that defendant's servants were negligent in the manner of the operation.

It was shown ᴜnat the driver of the first vehicle was a licensed chauffeur, but that the driver or steersman of the second one was not. Much was made of this circumstance, both by the counsel for the plaintiff and the court. It is claimed that in permitting an unlicensed chauffeur to steer the towed car the defendant violated section 289, subdivision 4, of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], added by Laws of 1910, chap. 374), as amended by Laws of 1911, chapter 491. So far as claimed to be applicable the section reads as follows: "Unlicensed chauffeurs cannot drive motor vehicle. No person shall operate or drive a motor vehicle as a chauffeur upon a public highway of this State after the first day of August, nineteen hundred and ten, unless such person shall have complied in all respects with the requirements of this section." We do not consider that this provision of the statute has any application to the present case. It forbids unlicensed chauffeurs to "operate or drive" motor vehicles. The words quoted imply that what is intended to be prohibited is the management or operation by an unlicensed chauffeur of a car propelled by its own motive power, which includes not alone the steering of the car, but the operation of its machinery, which is the part of a chauffeur's duty which calls for special knowledge and experience. Here the steersman of the second car neither drove nor operated the car. All he was called upon to do was to steer it in the wake of the towing car, a duty which required no special knowledge or skill in the manipulation of a motor-driven vehicle.

But even if the plaintiff is right in her contention as to the purview of the statute there is no evidence whatever that the lack of a chauffeur's license had any bearing upon the accident. The steersman of the second car had been engaged for twenty years in driving trucks and automobiles, and there is no indication in the evidence that any lack of skill on his part contributed to the accident.

Since there was no evidence in the case showing negligence on the part of defendant or its servants, there was nothing to send to the jury, and defendant's motion for a dismissal of the complaint should have been granted.

The judgment and order appealed from must be reversed and the complaint dismissed, with costs to appellant in this court and the court below.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.