ROSE A. WOLCOTT, as Executrix of CHARLES I. WOLCOTT, Deceased, Appellant, v. RENAULT SELLING BRANCH, INC., Respondent.

**Negligence — action for death of pedestrian who fell over rope by which one automobile was being towed by another and who was run over and killed by the second automobile.**

Where plaintiff's intestate, in crossing a street, stumbled over a rope by which one automobile was being towed by another ten or twelve feet ahead, and was run over and killed by the second, and it appears that, although he was warned of the first car and heeded the warning, no warning was given by the chauffeur of the first car that the space between the two cars was obstructed by the tow rope, and there was nothing in the condition or operation of the second car to show that it was not under its own power, it was for the jury to say whether the defendant should have given a warning of some kind to plaintiff's intestate and it was also for it to determine whether as matter of fact he, himself, was negligent.

*Wolcott* v. *Renault Selling Branch*, 175 App. Div. 858, reversed.

(Argued March 27, 1918; decided April 23, 1918.)

APPEAL from a judgment, entered January 13, 1917, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. H. Snedeker* for appellant. The driver of the first car saw Mr. Wolcott stop and wait for his car to pass. He was bound to foresee that Mr. Wolcott might suppose, as he had a right to do, that there was no obstruction, and attempt to pass between the two automobiles. A user of a city street has the right to assume that all parts of the street intended for travel are safe. (*Corcoran* v. *City of New York*, 188 N. Y. 131; *Heffernan* v. *Barber's*

*Son,* 36 App. Div. 163; *Young* v. *Herrmann,* 119 App. Div. 445; 192 N. Y. 554; *Rappetti* v. *P. A. Import Co.,* 97 Misc. Rep. 610.)

*Harry A. Talbot* for respondent. The defendant was guilty of no negligence and the complaint, therefore, should have been dismissed. (*Middleton* v. *Whitridge,* 213 N. Y. 499; *Dolfini* v. *Erie R. R. Co.,* 178 N. Y. 1; *Larner* v. *New York Transportation Co.,* 149 App. Div. 194; *McKinley* v. *Metropolitan Street Railway Company,* 91 App. Div. 156; *Fuller* v. *Dederick,* 35 App. Div. 96; *Baker* v. *Close,* 204 N. Y. 92; *Peterson* v. *Ballantine & Sons,* 205 N. Y. 29.)

ANDREWS, J. At noon on May 10, 1915, Charles A. Wolcott attempted to cross Fifty-third street near Eighth avenue in New York city. When he reached the middle of the street an automobile turned from Eighth avenue and came toward him. The chauffeur signalled with his horn. Mr. Wolcott stopped and the car passed him within two or three feet. It was going slowly at the rate of three or four miles an hour. Behind it ten or twelve feet distant was a second car approaching at the same speed. As soon as the first car had passed, Mr. Wolcott endeavored to run across in this space. The second car, however, was attached to the first by a rope which ran about a foot and a half above the ground. Mr. Wolcott stumbled over this rope, fell and was killed.

He was warned of the first car and heeded the warning, but although he stood close to it and was seen by the chauffeur to be in the act of crossing the street, no timely warning was given that the space between the two cars was obstructed. His attention was attracted to the second car. Under the circumstances he might well fail to notice the tow rope. Standing where he did it would have been hidden from view until he was about to start. There was nothing in the condition or operation

19

of the second car to show him that it was not under its own power.

We think that under the circumstances it was for the jury to say whether the defendant should have given a warning of some kind to Mr. Wolcott. We also think that it was for them to determine whether as a matter of fact he himself was negligent. (*Varnum* v. *Barrett,* 214 N. Y. 609.)

The judgment of the Appellate Division must be reversed but as errors were committed in the disposal of several requests to charge, a new trial must be directed, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur.

Judgment reversed, etc.