CHARLES L. NORCROSS *vs.* B. L. ROBERTS COMPANY.

Worcester. September 27, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Motor Vehicle*, Registration, Trespass. *Way*, Public: unregistered motor vehicle.
*Negligence*, In use of highway, Motor vehicle. *Words*, "Remain."

One walking and pushing an unregistered disabled motorcycle along a highway
on December 20, 1919, was not "operating" it nor permitting it "to remain
upon" the highway, and therefore was not within the provisions of St. 1909,
c. 534, § 9, as amended by St. 1919, c. 88, and was not unlawfully upon the
highway.

Where, at the close of the evidence at the trial of an action for personal injuries
alleged to have been caused by negligent driving of a motor truck of the defend-
ant, the defendant asks for a ruling that "on all the evidence the plaintiff can-
not recover," which the trial judge refuses, and the jury find for the plaintiff,
a contention of the defendant before this court, that there was no evidence
that the driver of the defendant's motor truck was a servant of the defendant
acting within the scope of his authority, cannot be sustained, although there
was no evidence in the record showing such to be the fact, if the bill of excep-
tions does not show that such a question was raised at the trial and does not
purport to contain all of the evidence at the trial.

TORT for personal injuries and damages to a motorcycle alleged
to have been caused by a motor truck being negligently run into
the plaintiff from behind as he was pushing the motorcycle along
the highway. Writ dated January 19, 1920.

In the Superior Court, the action was tried before *King*, J.
Material evidence is described in the opinion.

The trial judge ruled that there was "no evidence of gross
negligence or wilful misconduct on the part of the defendant,"
and refused the following requests of the defendant for rulings:

"1. On all the evidence the plaintiff cannot recover.

"2. The plaintiff cannot recover because he did not have his
motorcycle registered according to law."

"5. On all the evidence the plaintiff cannot recover because
at the time of the accident his motorcycle was not registered, that
he was a trespasser on the highway, and that the defendant owed
him the duty only to refrain from wantonly and wilfully injuring
him."

The jury found for the plaintiff in the sum of $275; and the defendant alleged exceptions.

The bill of exceptions contained no evidence on the question, whether the operator of the motor truck was a servant of the defendant, nor any statement that such a question of agency was raised at the trial, nor any statement that it purported to include all of the evidence introduced at the trial.

*F. P. Ryan & A. D. Harrington,* for the defendant, submitted a brief.

*J. C. Mahoney,* for the plaintiff.

DE COURCY, J.   On the evidence the jury could find the facts to be as follows: On December 20, 1919, the plaintiff went to Oxford Heights to get his motorcycle, intending to return with it to Worcester and have it repaired.   Finding the engine frozen, he proceeded to push the machine along the highway to Worcester, a distance of five or six miles.   At about half past four in the afternoon, he arrived in Auburn and was walking slowly on the extreme right side of the road, when the defendant's auto truck, coming suddenly from behind, ran into him and his machine. The front and rear lights of the motorcycle were lit, but those on the truck were not.   The motorcycle was not registered at the time of the accident.   The question raised by the exceptions is, whether that fact precludes the plaintiff from recovering damages, in the absence of wilful or reckless conduct on the part of the defendant.

It was held in *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, that under our statutes a person, operating an automobile which was not registered as required by those statutes, was a mere trespasser upon the public way, and had no greater rights against persons who were lawfully using the way than that they should not recklessly or wantonly injure him or his property.   *Holden* v. *McGillicuddy,* 215 Mass. 563, 564, where the later cases are collected.   The statute then in force (St. 1903, c. 473, § 3) prohibited the "operation" of unregistered automobiles or motorcycles on public highways.   The same provision appears in the general motor vehicle law of St. 1909, c. 534, § 9.   At the time of the accident, however, St. 1919, c. 88, was in force.   This substituted for said § 9, the following: "No person shall operate any motor vehicle nor shall the owner or custodian of such a vehicle

permit the same to be operated upon, or to remain upon, any way in this Commonwealth unless the vehicle is registered in accordance with the provisions of this act," etc.

In view of the conflicting testimony, the trial judge submitted to the jury the question, "Was the plaintiff riding and operating his machine at the time of the accident?" And they answered "No." Accordingly the provision of the statute dealing with the operation of the motor vehicle has no application here, even though that term includes ordinary stops upon the way incidental to the operation of the vehicle. *Commonwealth* v. *Henry*, 229 Mass. 19. The plaintiff was no more operating the machine, within the contemplation of the statute, than if he had been conveying it in a wheelbarrow. Nor was he permitting the machine to "remain" upon the way, within the meaning of the statute. It was not stationary; was not left standing on the street. The word "remain" implies the absence of motion; the motorcycle, although being pushed along by the plaintiff and not propelled by its own power, was in fact moving. *Tinkle* v. *Sweeney*, 97 Texas, 190. *Harris* v. *Wright*, 118 N. C. 422, 426. *State* v. *Goulding*, 44 N. H. 284, 286. Without undertaking to define the words "to remain upon, any way," as used in the statute, it is enough to say that plainly the present case does not come within their scope. It is suggestive that the section in which they appear has the caption "Operation of Motor Vehicles." St. 1909, c. 534, § 9. We are of opinion that the plaintiff's action in pushing his disabled motorcycle along the street did not bring him within the language or the purpose of the statute.

In the defendant's brief is a suggestion that the plaintiff must prove that the driver of the auto truck was its servant and acting within the scope of his employment at the time of the accident. Apparently no question on this issue was raised at the trial. In any event, the record does not purport to contain all the evidence, and we cannot say that the defendant was entitled to have a verdict directed on this ground. Finally, there was ample evidence that the plaintiff exercised due care and that the driver of the truck was negligent.

. *Exceptions overruled.*