JOSEPHINE RICCIARDI and CRESCENZO RICCIARDI, Plaintiffs, *v.* CLEMENT McMAHON and ANTHONY DELBALSO, Defendants.

City Court of Albany, June 28, 1937.

660

*Andrew J. Malatesta*, for the plaintiffs.

*Carter & Conboy* [*M. J. Conboy* of counsel], for the defendants.

DeStefano, J.   A jury has rendered a verdict of $200 to each of the plaintiffs against both defendants.   As to the defendant Del Balso, the verdict rendered bythe jury is justified and will not be disturbed.   As to the defendant McMahon, it is contended by counsel that the verdict is contrary to law, etc.   Decision was reserved on the motion to set aside the verdict.

The evidence disclosed that the defendant McMahon employed one Jones as driver of his truck and one DelBalso as a helper. That on the morning of May 15, 1936, while Jones was operating said truck on the Albany public market, the progress of same was impeded because another truck owned by McMahon & Son (not the defendant) obstructed his passage.   Thereupon DelBalso, the helper, left the defendant's truck, stepped into the cab of the obstructing truck, and, without starting the motor, released the brake, backing same a few feet, and in so doing injured the plaintiff Josephine Ricciardi.

Counsel for defendant McMahon contend that this act of Del-Balso was a violation of law, no license to operate or drive a motor vehicle having been issued to him by the State, and, therefore, his act was unlawful and could not bind his employer, the defendant.

The statute (Vehicle and Traffic Law, § 20. subd. 4) forbids unlicensed persons to " operate or drive " motor vehicles.   In this case the motor was not started on the truck.   It was simply allowed to roll back after the brake had been released.   DelBalso was not " operating " or " driving " the truck when the accident happened.   What is meant by these words " is the management and operation of * * * a car propelled by its own motive power, which includes not alone the steering of the car, but the operation of its machinery." *(Wolcott* v. *Renault Selling Branch, Inc.,* 175 App. Div. 858, at p. 860.)

Defendant's driver Jones, who was present at the time of the accident, was the immediate superior of DelBalso. Yet he did nothing to restrain DelBalso from moving the truck which impeded his progress. He acquiesced. The defendant " is none the less liable when the driver places at the wheel an incompetent substitute or fails to intervene thereafter with protest or command when protest or command would be timely to avert the loss. Co-operation may be inferred from acquiescence where there is power to restrain." (*Grant* v. *Knepper*, 245 N. Y. 158, 161.)

When a master intrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent negligently does the act which was intrusted to the servant. (*Geiss* v. *Twin City Taxicab Co.*, 120 Minn. 368, 371; 139 N. W. 611; *Arcara* v. *Moresse*, 258 N. Y. 211, 215.)

Jones, the driver and servant of the defendant McMahon, had authority to move trucks owned by McMahon & Son, he having done so on previous occasions.

Motion to set aside verdict denied.