*W. J. White, Jr.*, for the petitioners.

JEANNETTE A. CROFOOT *vs.* TEKLA ROZEWSKI (and five companion cases). [1] October 30, 1941. Exceptions overruled. This is one of six cases — heard on a consolidated bill of exceptions — in which like decisions are made. The sole question presented by the exceptions is whether on the evidence a motor truck — which could have been found not to have been legally registered —

---

[1] The companion cases were Jeannette A. Crofoot *vs.* Edward Rozewski, M. Lillian Crofoot *vs.* Tekla Rozewski, Same *vs.* Edward Rozewski, Joseph Wachta *vs.* Stanley H. Ciosek, and Edward Rojewski *vs.* Same.

could have been found to have been operated on a public way within the meaning of G. L. (Ter. Ed.) c. 90, § 9, as amended (see St. 1934, c. 361), at the time that an automobile ran into it. There was evidence that the motor truck when being operated on a public way ran out of gasoline, that the operator thereof and a passenger got out and attempted to push the motor truck to the side of the way for the purpose of parking it, and that while it was being so pushed an automobile ran into it. A finding was warranted that the motor truck at this time was being operated within the meaning of the statute. This conclusion is supported by the case of *Di Cecca* v. *Bucci*, 278 Mass. 15, where an automobile was stopped at the side of the way and some of the occupants went to get gasoline, and by cases similar in principle. See *Commonwealth* v. *Henry*, 229 Mass. 19, 22–23; *Commonwealth* v. *Clarke*, 254 Mass. 566; *Cook* v. *Crowell*, 273 Mass. 356, 358–359; *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 445; *Blair* v. *Boston Elevated Railway, ante*, 1, 3. See also *Cochran* v. *M. & M. Transportation Co.* 112 Fed. (2d) 241, 243–244. Under these decisions a motor vehicle is being operated though in the course of ordinary operation it has stopped and its engine is not running. Such a stopping of a motor vehicle with its engine not running is fairly to be regarded as incidental to its operation. And this principle controls though the motor vehicle has become incapable of motion under its own motive power by reason of lack of gasoline. In such circumstances the fact that the motor vehicle was being pushed to the side of the way, rather than being allowed to stand still thereon, does not preclude a finding that it was being operated. Such pushing of the motor vehicle may fairly be regarded as incidental to operation thereof and a continuation of such operation. A different result is not required by the case of *Norcross* v. *B. L. Roberts Co.* 239 Mass. 596, 598, which went on the ground that the motor vehicle there in question was merely being transported on the public way. No such close relation to ordinary operation as could have been found in the present case was shown.

The cases were submitted on briefs.

*H. A. Moran*, for the plaintiffs Crofoot.

*L. C. Henin & J. D. Ross*, for Rojewski and others.

*I. R. Shaw & J. A. Anderson, Jr.*, for the defendant Ciosek.