STATE OF MAINE *vs.* CARL ROBERTS.

STATE OF MAINE *vs.* WILLIAM C. HOWARD.

Kennebec.   Opinion, December 24, 1942.

*William H. Niehoff,* for the State.

*Edward W. Bridgham,* for the respondents.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J.   These two cases, tried together, are brought to the Court on exceptions by the respondents to the denial of

motions for directed verdicts and the refusal of the Justice below to give three requested instructions. The issue presented is well stated in respondents' brief, as follows:

"Is one who sits behind the steering wheel of an automobile with the motor running and the car in gear and the rear wheels spinning and slewing slightly from side to side, while the front end of the motor vehicle is suspended in the air five or six inches so that the turning of the steering wheel cannot control the direction or course of the motor vehicle and the front end of the motor vehicle chained to the rear of a truck ahead being towed by the vehicle ahead, guilty of operating a motor vehicle under this Statute?"

This recital aptly describes the factual situation presented to the jury as applicable to both respondents, but it may be noted in addition with reference to the respondent Carl Roberts that while he was occupying the driver's seat in the towed car, the two vehicles jackknifed to some slight extent. The record makes it clear that at the time of the alleged offenses the operator of the truck was attempting to tow the automobile occupied by the respondents up an icy grade, and that power was applied to the driving wheels of the towed vehicle, at separate times by the respective respondents, for the purpose of aiding progress.

Under the particular circumstances, counsel's inquiry must be answered in the affirmative. Respondents' counsel does not challenge the factual findings that at the pertinent times his clients were "intoxicated" or "under the influence of intoxicating liquor," the two tests of the applicability of R. S. (1930), Chap. 29, Sec. 88, as amended. The record contains more than ample evidence to sustain such findings. The recitals in the quoted query carry recognition that the facts which the Justice presiding instructed the jury would constitute operating a motor vehicle within the contemplation of the statute were covered by the evidence:

"It has been argued to you that they were not operating. I instruct you, . . . as a matter of law . . . that if you believe the evidence of the State that . . . one of these respondents was behind the wheel and put the motor in motion, had placed the car in gear, that the rear wheels, because of the motor being in motion, were whizzing, or something, and that the rear of that car swayed sideways when that was going on, . . . that the respondent who was doing that was operating that car."

This instruction given to the jury is a correct statement of the law. There is no point in quoting at length the requested instructions which were refused. They were at exact variance with the instruction given and were based upon a construction of the statute that one could not be held to be operating a motor vehicle within its terms unless his movement of the steering wheel would guide, control or manage the course or direction of the automobile in which he was riding.

The case is one of first impression, but there is ample precedent for holding that the "operation" intended to be curtailed by the statute is not either complete or extended. In *People* v. *Domagala,* 123 Misc., 757, 206 N. Y. S., 288, it was held that the mere starting of the motor of a vehicle was sufficient to constitute its operation, notwithstanding it was parked with front wheels against the curb and never put in motion. To the same effect was the decision in *State* v. *Webb,* 202 Iowa, 633, 210 N. W., 751, 49 A. L. R., 1389, where a motor was started and permitted to idle with the gear in neutral; and in *Commonwealth* v. *Clarke,* 254 Mass., 566, 150 N. E., 829, the manipulation of the gear lever of a car standing on a grade so that it moved slightly through the operation of the law of gravity, although the motor was not started, was held operation within the statute. In *Commonwealth* v. *Uski,* 263 Mass., 22, 160 N. E., 305, the Court declared that one might be held to be operating a motor car if he intentionally did any act or made use of "any mechanical or electrical agency which alone

or in sequence" would set the motive power in motion. There was evidence in the case that the automobile had moved four or five feet, but the instruction complained of was that manipulation of "the machinery of the motor" was sufficient.

In the *Uski* case, supra, the charge laid some emphasis on the fact that the respondent was in a position to "control" the movement of the vehicle, and respondents call attention to the decision of the Ontario Supreme Court in *Rex* v. *Higgins*, 63 Ont. L. Rep., 101 (1929), 1 D. L. R., 269, where conviction before a magistrate was set aside by the decision of a single justice with the declaration that the operation of the statute "must be confined to a motor vehicle which is either being driven or is capable of being driven, and cannot apply to a car which is out of commission and cannot be operated under its own power."

In the instant cases the motor was in operation and the power was not only being applied but was actually taking effect. It is not important whether the course or direction of either the towed car or the towing vehicle was affected by the application of its power. As a general rule it is recognized that penal statutes should be strictly construed, 25 R. C. L., 1081, Par. 301, but it has become increasingly apparent with the passing years that gasoline and alcohol make a dangerous mixture, and construction of statutes designed to punish those who operate motor vehicles while under the influence of intoxicating liquor should, and properly may, be in the interest of reducing the hazard of such operation to a minimum. So far as the decision in *Rex* v. *Higgins*, supra, may be considered a precedent for limiting the operation of the statute to those cases where one occupying the driver's seat in a motor vehicle has full control over its direction and speed, we are not inclined to follow it.

*Exceptions overruled.*