CITY OF TOLEDO, APPELLEE, *v.* BURKS, APPELLANT.

(Nos. 4860 and 4861—Decided June 6, 1955.)

*Mr. Charles T. Lawton,* director of law, and *Mr. Robert V. Franklin, Jr.,* for appellee.

*Mr. A. E. J. Doman,* for appellant.

FESS, J. These appeals on questions of law are from judgments of the Municipal Court of Toledo convicting defendant in case No. 4860 of driving a motor vehicle without a license, and in case No. 4861 of "operating without due regard," etc.

The record discloses that the defendant, who did not have a driver's license, at the request of one Willie Barnes, agreed to and did steer Barnes' 1947 Buick automobile as it was towed down the street by Barnes. The Buick was connected by a log chain to a Mercury automobile operated by Barnes. During the towing operation, the chain slackened and became entangled under the right front wheel of the Buick. When the Mercury moved forward, the slack was taken up and the chain under the wheel of the Buick caused it to swerve to its right and collide with a car parked on the street, which car was propelled into two other cars. The Buick and the Mercury were moving at a speed of 20 to 25 miles per hour prior to the accident.

Section 21-9-1 of the Toledo Municipal Code provides:

"(a) No person shall operate a motor vehicle upon the streets or highways of the city of Toledo unless such person shall have either a driver's license, a chauffeur's license, or a temporary instruction permit, all as required by the statutes of the state of Ohio; unless such person shall be relieved from having such license or permit by the statutes of the state of Ohio."

Paragraph (b) of Section 21-1-2 of the Toledo Municipal Code provides:

"Motor vehicles. Every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except road rollers, traction engines, power shovels, power cranes and other equipment used in construction work and not designed for or employed in general highway transportation, hole digging machinery, well drilling machinery, ditch digging machinery, farm machinery, threshing machinery, hay baling machinery, and agricultural tractors and machinery used in the production of horticultural, floricultural, agricultural and vegetable products."

Paragraph (b) of Section 21-1-10 provides:

"Driver or operator. Every person who drives or is in actual physical control of a vehicle, trackless trolley or street car."

There is no substantial variance between the quoted paragraphs of the Toledo code and the state traffic code.

Was the defendant driving or operating the Buick as it was towed down the street?

In 60 Corpus Juris Secundum, 473, Section 150, it is stated that a person steering a disabled motor vehicle which is being towed by another car is not operating or driving a motor vehicle within the meaning of a statute requiring such an operator or driver to be licensed, citing *Dewhirst* v. *Connecticut Co.*, 96 Conn., 389, 114 A., 100, and *Wolcott, Exrx.,* v. *Renault Selling Branch, Inc.*, 175 App. Div., 858, 162 N. Y. Supp., 496. Determination of the question, of course, requires construction of the terms employed in the particular statute or ordinance under which the charge is brought.

In *Wolcott, Exrx.,* v. *Renault Selling Branch, Inc.* (1916), *supra,* it was held that a person steering an automobile, not under power and towed by another, is not operating or driving a motor vehicle, which would include the operation of machinery, etc., within the meaning of Highway Law (Consol. Laws, c. 25, Section 289, subdivision 4, as amended by Laws 1911, c. 491), providing that no person shall "operate or drive" a motor vehicle as chauffeur upon a public highway without a license.

This case was reversed on other grounds in 223 N. Y., 288, 119 N. E., 556.

In *Ricciardi* v. *McMahon*, 163 Misc., 659, 299 N. Y. Supp., 440, a truck driver's helper, who had no license, in order to facilitate the passage of a truck, boarded an obstructing truck, and, without starting the motor, released the brake and backed the truck a few feet, injuring the plaintiff. Upon authority of the *Wolcott case,* the court held that operating or driving "is the management or operation of a car propelled by its own motive power, which includes not alone the steering of the car, but the operation of its machinery."

In *Dewhirst* v. *Connecticut Co., supra.,* the court, in determining whether the vehicle was being operated by an unlicensed driver, said:

"It is true that it is found that, after the plaintiffs' truck was disabled so that it had to be towed by the Edwards truck, he steered the plaintiffs' truck; but he did not cause that truck 'to move or to perform the acts desired,' or 'direct' its 'work-

ing.' Century Dictionary. At the time of the collision he had nothing to do with its movement or position. It was not operated by him, and so it is immaterial that he was unlicensed on the day of the accident.''

In *Beard* v. *Clark* (Texas Civ. App.), 83 S. W. (2d), 1023, 1025, the court says:

''The opinions of the courts cited, supra, happily express the controlling consideration in interpreting the meaning of the word 'operate' when they say, in substance, that it is used throughout the statutes there under review as signifying a personal act in working the mechanism of the car; that is, the driver operates the car for the owner, but the owner does not operate the car unless he drives it himself.''

In *Brown, a Minor,* v. *Kennedy, a Minor,* 38 Ohio Law Abs., 134, 49 N. E. (2d), 417 (affirmed in 141 Ohio St., 457, 48 N. E. [2d], 857), the Court of Appeals for Clinton County said: ''To 'operate' as distinguished from 'use' signifies a personal act in working the mechanism of the car.'' In *Rex* v. *Higgins,* 63 Ont. L. Rep., 101, 1 Dominion Law Reports (1929), 269, it was held that the statute dealing with driving a motor vehicle while intoxicated, and also having the care or control of a motor vehicle while intoxicated, can not be applied to a vehicle which is out of commission and cannot be operated under its own power. On the other hand, in *State* v. *Roberts,* 139 Me., 273, 29 A. (2d), 457, the Supreme Court of Maine held that where only the rear wheels of an automobile being towed up an icy grade had contact therewith, an intoxicated person who ran the motor of the towed car to assist the towing vehicle was guilty of ''operating a motor vehicle'' while under the influence of intoxicating liquors, although the direction of neither vehicle was thereby affected; and that the ''operation'' of an automobile by an intoxicated person is not required to be either complete or extended in order to be within the prohibition of the statute; citing *People* v. *Domagala,* 123 Misc., 757, 206 N. Y. Supp., 288; *State* v. *Webb,* 202 Iowa, 633, 210 N. W., 751, 49 A. L. R., 1389; *Commonwealth* v. *Clarke,* 254 Mass., 566, 150 N. E., 829. It is to be noted that in the *Roberts case* the defendant had applied the power of the towed car.

Section 21-1-2 of the Toledo ordinance embraces ''every

vehicle propelled or drawn by power other than muscular power." The towed car was not propelled or drawn by muscular power, so it was a "motor vehicle." But was the defendant in "actual physical control" of the automobile?

"Actual" means real, as opposed to something "nominal" or "constructive." *Astor* v. *Merritt, Collector,* 111 U. S., 202, 28 L. Ed., 401, 4 S. Ct., 413; *Callan* v. *Mutual Life Ins. Co.* (La.), 147 So., 110, 111. The term, "actually occupied," imports exclusive occupancy. *Smith* v. *State,* 59 Ohio St., 278, 281, 52 N. E., 638. It has been held that the word, "control," standing alone and unqualified, necessarily means not partial but complete control. *Ligon* v. *Redding,* 300 Ky., 326, 188 S. W. (2d), 483. Although not applicable to the construction of the word "control" as employed in the ordinance, it may be observed that in jurisdictions imposing a duty upon a driver to have his car under control, having a car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances (*Lane* v. *Samuels,* 350 Pa., 446, 39 A. [2d], 626; *Arble* v. *Murray,* 359 Pa., 12, 58 A. [2d], 143); or that it can be brought to a stop within a reasonable degree of celerity (*Arenson* v. *Butterworth,* 243 Iowa, 880, 54 N. W. [2d], 557).

Although in some jurisdictions the rule of strict construction is not applied to ordinances prescribing misdemeanors, in Ohio, ordinances as well as penal statutes are strictly construed and may not be extended by implication to cases not falling within their terms. *City of Cleveland* v. *Jorski,* 142 Ohio St., 529, 53 N. E. (2d), 513; *Mariemont Taxi, Inc.,* v. *City of Cincinnati,* 162 Ohio St., 163, 122 N. E. (2d), 400. Likewise, a penal statute prescribing a misdemeanor is to be strictly construed against the state, and all doubts in the interpretation of such a statute are to be resolved in favor of the accused. *State* v. *Conley,* 147 Ohio St., 351, 71 N. E. (2d), 275. The rule of strict construction is thus applied to ordinances and statutes defining misdemeanors as well as felonies.

In the instant case, the defendant was guiding, not driving, the automobile; and he was not in actual physical control of it within the purview of the ordinance.

Relative to appeal No. 4861, Section 21-6-1 of the Toledo Municipal Code provides that no person shall operate a motor vehicle upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway, and of any other conditions then existing.

Section 21-6-8 of the Toledo Municipal Code, dealing with reckless operation, provides that no person shall operate a vehicle without due regard for the safety and rights of pedestrians and drivers of and occupants of all other vehicles, or so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways.

The affidavit indicates that the charge was brought under Section 21-6-8 of the Toledo Municipal Code. The only evidence adduced in support of this charge is that the car which defendant occupied as it was towed down the street collided with a car parked upon the street, which parked car in turn collided with two other cars, presumably parked in front of the first car. Proof of a collision between motor vehicles is insufficient in itself to establish the operation of a motor vehicle without due regard for the property of others using the highway. Cf. *City of Toledo* v. *Lowenberg*, 99 Ohio App., 165. No inference of guilt beyond a reasonable doubt arises from such proof.

The judgment in each case is reversed, and final judgment entered discharging defendant.

*Judgments reversed and final judgment for defendant.*

CONN and DEEDS, JJ., concur.