Willis L. RICHARDSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2007.

Municipal Court of Appeals for the District of Columbia.

Argued June 17, 1957.

Decided Aug. 30, 1957.

Gilbert R. Giordano, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellant was convicted of violating Section 157(j) of the Traffic and Motor Vehicle Regulations, which provides:

"No individual shall operate a motor vehicle in the District * * *, without having first obtained an operator's permit * * *."

His appeal presents this single question: Is an individual who manually pushes an automobile, temporarily incapable of movement under its own power, along a highway and controls its direction by reaching through an open window and manipulating the steering wheel, guilty of violating the above-quoted regulation?[1] The answer necessarily depends upon the construction

1. The arresting officer testified appellant said he was trying to start the automobile. Appellant testified that at the request of the owner, who was not present, he was pushing the automobile to a filling station to get the battery charged.

to be given the word "operate" as used in the regulation. Appellant argues that operate should be given a limited meaning so that it would refer only to a personal act of working the mechanism of a motor vehicle and thereby producing its movement. There are cases which tend to support his position.[2] On the other hand, there appears to be a trend towards giving a broader meaning to the word when used in statutes and regulations such as the one here involved.[3] We noted this diversity of rulings in Smith v. District of Columbia, D.C.Mun.App., 71 A.2d 766.

We feel we are not called upon to choose between the varying judicial constructions found in other jurisdictions. The regulation here involved is taken verbatim from our statute relating to operators' permits.[4] While that statute contains no definition of operate, a closely related statute dealing with registration of motor vehicles provides:

> "The terms 'operate' and 'operated' shall include operating, moving, standing, or parking any motor vehicle or trailer on a public highway of the District of Columbia." Code 1951, § 40–101(j).

We think this definition of operate clearly indicates the meaning Congress intended to be ascribed to the word as used in the related statute. Giving it that meaning, we hold there was a violation because admittedly appellant was moving and guiding a motor vehicle on a public street. We see nothing unreasonable in so holding. A moving motor vehicle on a public street, regardless of its motive power, is a potential danger, and it is evident Congress intended

that such movement should be done only by one who has first qualified for and received an operator's permit.

Affirmed.

---

2. E. g., Wolcott v. Renault Selling Branch, Inc., 175 App.Div. 858, 162 N.Y.S. 496, reversed on other grounds 223 N.Y. 288, 119 N.E. 556; Ricciardi v. McMahon, 163 Misc. 659, 299 N.Y.S. 440; Dewhirst v. Connecticut Co., 96 Conn. 389, 114 A. 100; Norcross v. B. L. Roberts Co., 239 Mass. 596, 132 N.E. 399; City of Toledo v. Burks, 100 Ohio App. 153, 136 N.E.2d 150.

3. E. g., State v. Lansing, 108 Vt. 219, 184 A. 692; Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557, affirmed 233 App.Div. 800, 250 N.Y.S. 947; State v. Sullivan, 146 Me. 381, 82 A.2d 629; State v. Roberts, 139 Me. 273, 29 A.2d 457; Crofoot v. Rozewski, 310 Mass. 824, 38 N.E.2d 217. See also cases collected in the annotation in 47 A.L.R.2d 570.

4. Code 1951, Supp. V, § 40–301(d).