273 So.2d 113 (1972)
George DALEO and John Dubois, Appellants,
v.
BERT & BETTE BAYFRONT 66 MARINE et al., Appellees.
No. 72-129.
District Court of Appeal of Florida, Third District.
December 12, 1972.
On Rehearing February 13, 1973.
*114 Horton, Schwartz & Perse, Sams, Anderson, Alper, Spencer & Post, Miami, for appellants.
Adams, George & Wood, Jeanne Heyward, Miami, George E. Bunnell, Fort Lauderdale, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Appellants, plaintiffs before the trial court, seek review of a final summary judgment entered in favor of the appellee-defendant, Travelers Indemnity Company, as insurer of Bert and Bette Bayfront 66 Marina, Inc., defendant, in an action for personal injuries arising out of a boat explosion.
The facts, simply stated, show that the plaintiffs, as owners of the boat "Eileen Donan", were attempting to re-install a rebuilt engine of the boat and enlisted the aid of a mechanic of the marina (Mr. Whaley) in so doing. The re-installation took place away from the premises of the marina but was at the direction of its owner. Whaley completed the job of connecting the electrical system and test started the engine several times by avoiding the starter and rubbing a battery cable over the battery in order to create a spark. After a few successful attempts, Whaley directed that gasoline be put in the engine and the process repeated. A shower of sparks and an explosion resulted from the attempt and the appellants and Whaley received personal injuries as a result. Appellants filed separate actions below against the marina and its owner based on the negligence of its employee Whaley. Appellee insurance company was joined as defendant in its capacity of insurer of the marina. The two cases were consolidated and, upon motion of the insurer, a final summary judgment was entered in its behalf, reciting:
(R. 342) "THIS CAUSE came on to be heard on the Motion of the Defendant, THE TRAVELERS INDEMNITY COMPANY for Final Summary Judgment and the Court having heard argument of counsel and having considered the depositions, affidavits, exhibits and all other matters herein, and it appearing to the Court that the Defendant, THE TRAVELERS INDEMNITY COMPANY'S Insurance Policy with the Defendant, BERT & BETTE BAYFRONT 66 MARINA, INC. is not applicable to the loss which is the subject of this cause by virtue of the exclusion for bodily injury arising out of the operation of a watercraft where the bodily injury occurs away from the premises, and the Court being otherwise fully advised in the premises, it is thereupon
"ORDERED AND ADJUDGED that the motion for Summary Judgment be and the same is hereby granted, and Final Summary Judgment is hereby entered in favor of THE TRAVELERS INDEMNITY COMPANY, and the said *115 ... COMPANY shall go hence without day, with costs to be hereinafter taxed."
The exclusionary provision of the insurance policy relied on by the trial court provided, in part:
"EXCLUSIONS
"This insurance does not apply, under the Garage Liability Coverages:
* * * * * *
"(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any
* * * * * *
"(3) watercraft, if the bodily injury or property damage occurs away from the premises; ..."
Appellants contend that the trial court's interpretation of the word "operation" within the policy was incorrect, as a matter of law, and in finding that the incident aforementioned was excluded from coverage under the policy. We agree with appellants and, accordingly, reverse.
The parties before us have relied on numerous cases from other jurisdictions, since none appear in this state, interpreting the word "operation" in differing contexts and in varied factual circumstances.[1] At the very least, we find that the meanings of the word "operation" in the instant case are undeniably unclear and ambiguous.
In such a circumstance, the courts of this state have been uniform in the action that must be taken. Our Supreme Court has noted in the case of Hodges v. National Union Indemnity Co., Fla. 1971, 249 So.2d 679, 680, 681.
"All ambiguities and uncertainties are to be resolved in favor of the insured and against the company."
* * * * * *
"The fine print of an insurance policy, as we said in Hartnett v. Southern Insurance Co., supra, [181 So.2d 524] should not be read to exclude coverage unless it plainly and with certainty `brings home' in unambiguous language to the insured that he is not protected in a certain particular."
See also: Harris v. Carolina Life Ins. Co., Fla. 1970, 233 So.2d 833; Cf., DaCosta v. General Guaranty Ins. Co. of Florida, Fla. 1969, 226 So.2d 104; Miller Electric Co. of Florida v. Employers' Liability Assurance Corp., Fla.App. 1965, 171 So.2d 40.
The rationale for this presumption against the insurer was discussed by the court in New Amsterdam Casualty Co. v. Addison, Fla.App. 1964, 169 So.2d 877, 881, and the court said:
"[5, 6] Also, Florida law renders applicable to contracts of insurance the principle that, where a contract of insurance is prepared and phrased by the insurer, it is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language is doubtful, uncertain, or ambiguous. Firemans Fund Ins. Co. of San Francisco, Cal. v. Boyd, Fla. 1950, 45 So.2d 499. The general rule is that, if there are terms in an insurance policy which are ambiguous, equivocal, or uncertain to the extent that the intention of the parties is not clear and cannot be clearly ascertained by the application of ordinary rules of construction, these terms are to be construed strictly and most strongly against the insurer and *116 liberally in favor of the insured so as to effect the dominant purpose of payment to the insured. Beasley v. Wolf, Fla. App. 1963, 151 So.2d 679. The accepted rationale back of this rule is that insurance policies are prepared by experts in this complex area, and the intricate interplay of their various provisions is difficult for a layman to understand. The Praetorians v. Fisher, Fla. 1956, 89 So.2d 329. Where there are two interpretations which may fairly be given to language used in a policy, the one that allows the greater indemnity will govern. Howard v. American Service Mut. Ins. Co., Fla.App. 1963, 151 So.2d 682. Statement of these principles may be found in 18 Fla.Jur., Insurance, sections 94 and 95, pages 86, 87, 88, and 89."
Accord: Financial Fire & Casualty Co. v. Callaham, Fla.App. 1967, 199 So.2d 529; Miller Electric Co. of Florida v. Employers' Liability Assurance Corp., supra.
Perhaps Justice Drew of the Supreme Court of Florida put it most succinctly when he stated:[2]
"[2] There is no reason why such policies cannot be phrased so that the average person can clearly understand what he is buying. And so long as these contracts are drawn in such a manner that it requires the proverbial Philadelphia lawyer to comprehend the terms embodied in it, the courts should and will construe them liberally in favor of the insured and strictly against the insurer to protect the buying public who rely upon the companies and agencies in such transactions."
Therefore, we are of the view, and so hold, that the trial court erred in holding that the insurance policy in question did not cover the loss herein involved by reason of the subject exclusionary clause. Thus, it was error for the trial judge to have entered a final summary judgment in favor of the appellee insurance company.
For the reasons stated and upon the authorities cited, the judgment appealed is hereby reversed.
Reversed.
CARROLL, J., dissents.

ON REHEARING GRANTED
PER CURIAM.
A rehearing was granted in this cause solely dealing with our denial to appellants of attorneys' fees in relation to their successful appeal reversing a summary judgment rendered against them below in favor of appellee insurance carrier on the issue of coverage. Having considered the argument of counsel and in light of the opinion in this cause returning the matter to the trial court for further proceedings, it is
Ordered and adjudged as follows:
(1) That any grant of attorneys' fees to appellants for services rendered on appeal and below involving the issue of insurance coverage under the policy involved should be deferred until it is ultimately determined that the appellants will prevail against the insurance carrier.
(2) Therefore, the trial court be and is hereby directed and empowered, in the event the appellants should ultimately prevail before him, to fix an amount of attorneys' fees to be awarded to appellants for services rendered in connection with this appeal and trial court action leading to same dealing with the issue of coverage under the insurance policy. Segelstrom v. Blue Shield of Florida, Inc., Fla.App. 1970, 233 So.2d 645; see also, Wilder v. Wright, Fla.App. 1972, 269 So.2d 434.
CARROLL, J., dissents.
NOTES
[1] E.g., Commercial Standard Ins. Co. v. Bacon, 10 Cir.1946, 154 F.2d 360; Maryland Casualty Co. v. Marshbank, 3 Cir.1955, 226 F.2d 637; Visintin v. Country Mutual Ins. Co., 1966, 78 Ill. App.2d 75, 222 N.E.2d 550; Glens Falls Ins. Co. v. Consolidated Freightways, 1966, 242 Cal. App.2d 774, 51 Cal. Rptr. 789; Commonwealth v. Uski, 263 Mass. 22, 160 N.E. 305; Crofoot v. Rozewski, 310 Mass. 824, 38 N.E.2d 217; State v. Jones, 2 Conn.Cir. 605, 203 A.2d 447; People v. Domagala, 123 Misc. 757, 206 N.Y.S. 288; State of Iowa v. Webb, 202 Iowa 633, 210 N.W. 751; State v. Storrs, 105 Vt. 180, 163 A. 560.
[2] Hartnett v. Southern Ins. Co., Fla. 1965, supra 181 So.2d at 528.