J-A05020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH TUNSTALL :
:
Appellant : No. 874 EDA 2022

Appeal from the PCRA Order Entered February 25, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0009724-2011.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 11, 2023**

Joseph Tunstall appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On November 25, 2013, a jury convicted Tunstall of first-degree murder and related charges. The trial court immediately imposed the mandatory sentence of life in prison for the murder conviction and no further penalty on the remaining convictions. The trial court denied Tunstall's timely-filed post-sentence motions.  Tunstall appealed.  On August 25, 2012, this Court affirmed his judgment of sentence, and, on February 2, 2016, our Supreme Court denied Tunstall's petition of allowance of appeal. ***Commonwealth v. Tunstall***, 131 A.2d 102 (Pa. Super.

2015) (non-precedential decision), *appeal denied*, 134 A.2d 492 (Pa. 2016). Tunstall did not seek further relief.

Tunstall filed a timely, counselled PCRA petition on December 15, 2016. After issuing Pa.R.Crim.P. 907 notice of its intent to dismiss without a hearing, the PCRA court dismissed Tunstall's petition by order entered December 14, 2017. Tunstall appealed. On June 5, 2019, this Court affirmed the order denying Tunstall post-conviction relief, and on January 2, 2020, our Supreme Court denied Tunstall's petition for allowance of appeal. **Commonwealth v. Tunstall**, 219 A.3d 211 (Pa. Super. 2019), *appeal denied*, 222 A.3d 1126 (Pa. 2020).

On January 15, 2020, Tunstall filed the PCRA petition at issue, his second. Thereafter, the Commonwealth filed a motion to dismiss, and Tunstall filed a *pro se* reply. On August 20, 2021, the Court issued a Rule 907 notice of its intent to dismiss Tunstall's second petition as untimely filed and establishing no time-bar exception. Tunstall did not file a response.[1] By order entered February 25, 2022, the PCRA court denied Tunstall's petition.

On March 9, 2022, Tunstall filed a "Motion to Recend [sic] Order and/or Notice of Appeal" in which he asked the PCRA court to reconsider the dismissal of his petition because he had recently discovered that one of the detectives

---

[1] Instead, Tunstall filed an appeal to this Court that we later quashed on December 6, 2021.

involved in his case had been charged criminally. The PCRA court denied this motion on March 11, 2022. This appeal followed. Both Tunstall and the PCRA court have complied with Pa.R.A.P. 1925.

Tunstall raises the following issue on appeal:

> Whether the PCRA court [erred] when the court dismissed [Tunstall's] petition without an evidentiar[y] hearing?

Tunstall's Brief at 3 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In support of his claim, Tunstall asserts that the PCRA court erred in dismissing his "second PCRA petition asserting 'newly discovered evidence'

- 3 -

without an evidentiary hearing as time barred, in light of the evidence being discovered on March 3, 2022, and [Tunstall] filing his newly discovered claim exactly eight (8) days later on March 11, 2022." Tunstall's Brief at 7.[2]

We first consider whether the PCRA court correctly concluded that Tunstall's second petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly

---

[2] Our review of the record refutes Tunstall's claim that he raised the newly discovered time-bar exception in his second PCRA petition. Rather, he checked the box on the PCRA form regarding after-discovered evidence and stated that he could prove this claim "[b]ased upon the testimony of witnesses" including Detectives James Pitts and Philip Nordo who would testify regarding their "participation in the investigation of this case." ***See*** PCRA Petition, 1/15/20, at 1-6. In his memorandum of law accompanying the petition, Tunstall asserted that, for timeliness purposes, his filing of his first PCRA petition in December 2016, stopped the one-year clock." Tunstall cited no authority for this baseless claim.

Tunstall raised his time-bar exception after the PCRA petition was dismissed, via a motion for reconsideration. Arguably, the PCRA court should have treated this motion as a subsequent PCRA petition. As noted *infra*, the PCRA court did find Tunstall's claim timely and applied the after-discovered evidence test before rejecting the claim on its merits. Thus, in the interests of judicial economy, we will review Tunstall's claim.

discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Tunstall's judgment of sentence became final on May 2, 2016, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Tunstall had until May 2, 2017, to file a timely petition. Because Tunstall filed his second petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Tunstall argues that he had established the newly-discovered-fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly

> discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

In his motion for reconsideration, Tunstall asserted that on March 3, 2022, Philadelphia Police Detective James Pitts was charged with "tampering with evidence." Tunstall further asserts that, in his case, Detective Pitts "tampered with evidence to sustain a conviction by a fabricated statement by witness Darren Rogers even after expressing multiple times to Detective Pitts that 'he was high and sleeping' at the time of the incident." According to Tunstall, Rogers' fabricated statement resulted in the conviction of an innocent person because that statement was the only evidence presented to support his conviction.

The PCRA court first found that Tunstall met the newly discovered exception to the PCRA's time bar:

> On March 3, 2022, Detective Pitts was charged with two counts of perjury and three counts of obstructing administration of law or other governmental function. As

[Tunstall] filed his Motion to Reconsider on March 11, 2022, eight days after the charges against Detective Pitts, [Tunstall's] claim properly falls within the newly-discovered facts exception to the PCRA time-bar.

PCRA Court Opinion, 5/24/22, at 8 (citations omitted). We agree that Tunstall met this exception to the time bar.

The court next considered Tunstall's substantive after-discovered evidence claim and found it to be without merit. **Brown**, **supra**.

To review the PCRA court's determination, we first note the test applied to after-discovered evidence under the PCRA. When discussing the test in the context of a PCRA appeal, our Supreme Court recently summarized:

[W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

**Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. **See**, **e.g.**, **Small**, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must

assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." **Commonwealth v. Padillas**, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Id.**

Applying the **Small** test to Tunstall's claim, the PCRA court found it to lack merit. The court explained:

> Detective Pitts was involved with taking one of two statements given to police by witness Darren Rogers, who recanted those statements at trial. [Tunstall] argued that Detective Pitts's alleged misconduct regarding Rogers was similar to the misconduct demonstrated in the new cases against Pitts, and therefore the new corroborated [Tunstall's] contention that Rogers's statements were coerced.
>
> ***
>
> Here, [Tunstall] alleges that his case was tainted by the involvement of Detective Pitts solely because Pitts took one of the statements of Rogers in which Rogers inculpated [Tunstall]. [Tunstall] claims that the only evidence against him 'was Witness Darron [sic] Rogers['s] testimony which clearly was impacted by Detective Pitts."
>
> The record establishes, however, that there was overwhelming evidence against [Tunstall] independent of the allegedly coerced statement of Rogers. On direct appeal, [Tunstall] challenged the sufficiency of the evidence, arguing that two key witnesses, Rogers and [Quinton] Gamble, recanted their inculpatory statements at trial. The Superior Court, in the course of rejecting this claim, outlined the evidence against [Tunstall], excluding the testimony of Rogers and Gamble[.]

PCRA Court Opinion, 5/24/22, at 7-9 (citation omitted).

The PCRA Court then quoted our previous decision in this case in which we enumerated the additional circumstantial evidence which demonstrated that Tunstall was one of the men involved in the murder. *Id.* at 9. This circumstantial evidence included testimony from additional witnesses regarding the incident, cell phone record, and incriminating text messages between Tunstall and other parties following the homicide. *Id.* (quoting *Tunstall*, *supra*. The court then concluded that:

> All of this was compelling evidence of [Tunstall's] guilt, independent of the alleged misconduct on the part of Detective Pitts. As a result, the allegations of misconduct by Detective Pitts in unrelated matters would clearly not be likely to compel a different outcome in this case.

PCRA Court Opinion, 5/24/22, at 9-10.

Our review of the record, including Rogers' trial testimony, as well as our decision in Tunstall's direct appeal, supports the PCRA court's conclusion.

Tunstall's claims to the contrary are unavailing. Initially, we note that, contrary to Tunstall's assertion, the PCRA court did not have "to hold an evidentiary hearing to determine whether [his] newly discovered evidence claim was timely." Tunstall's Brief at 8. As noted above, the PCRA court found that Tunstall met the newly discovered evidence time-bar exception, and therefore possessed jurisdiction to consider Tunstall's substantive after-discovered evidence claim. In addition, we note that, although Gamble recanted at trial, he also made an inculpatory statement to police. Tunstall

does not allege any involvement by Detective Pitts in obtaining this statement. Moreover, our review of the record supports the Commonwealth's statement that, while Detective Pitts participated in the first Rogers' interview, he was not present at Rogers' second interview at which Rogers made a more incriminating statement regarding Tunstall.

In sum, because the PCRA court correctly concluded that evidence of Detective Pitts' misconduct in unrelated cases was not of such a nature and character that it would compel a different result, ***Padillas***, ***supra***, the court correctly denied Tunstall's claim without first holding an evidentiary hearing. ***See***, ***e.g.***, ***Commonwealth v. Holmes***, 905 A.2d 507 (Pa. Super. 2006). We therefore affirm PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023