**STATE of Maine**

v.

**Gerry MOORES.**

Supreme Judicial Court of Maine.

Jan. 24, 1979.

Michael. E. Povich, Dist. Atty., Bronson Platner (orally), Asst. Dist. Atty., Ellsworth, for plaintiff.

Silsby & Silsby by William S. Silsby, Jr., Raymond L. Williams, Ellsworth (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

Following a trial in District Court, District Five, the Defendant, Gerry Moores, was adjudged guilty of attempting on October 6, 1977, at Lamoine, Maine, to operate a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R. S.A. § 1312(10).[1] Following a timely appeal to the Superior Court, there was on August 25, 1978, a jury-waived trial where the case was submitted upon the written stipulation of certain facts. There the Defendant was again adjudged guilty of this charge. From that judgment of conviction the Defendant appeals to this Court, asserting that he could not be convicted for attempt when the evidence showed the crime had actually been committed.

■ We deny his appeal.

■ The evidence indisputably showed that the Defendant not only attempted to operate a motor vehicle while under the influence, but did in fact so operate it. On October 6, 1977, while admittedly under the influence of intoxicating liquor, the Defendant started an automobile, put it into reverse gear and caused it to move backwards about five feet. This constituted operation, not just an attempt. *State v. Sullivan*, 146 Me. 381, 384, 82 A.2d 629 (1951).

1. 29 M.R.S.A. § 1312(10)(A) (1964) provided in pertinent part:

Notwithstanding the provisions of Title 17–A, section 4–A, any person who, while under the influence of intoxicating liquor or drugs, shall operate or attempt to operate a motor vehicle within this State shall, upon his first conviction for a violation of this section, be punished by a fine of not more than $1,000 and by imprisonment for not more than 90 days, or by both.

The Defendant grounds his sole issue on the ancient common law rule of merger, by which the attempt to commit a crime if a misdemeanor, was absorbed into the complete crime, if that crime was a felony.[2] *See People v. Stanko*, 407 Ill. 624, 95 N.E.2d 861 (1950).[3]

The flaw in the Defendant's argument lies in his failure to recognize that in Maine the common law rule has been abrogated by the express provisions of the Maine Criminal Code. Thus any reliance upon the decisions of courts in jurisdictions which still follow the common law rule is ill-founded.

In Maine the Criminal Code defines the offense of attempt as follows:

> A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

17–A M.R.S.A. § 152(1) (1978 Supp.). No mention of failure in the attempt is made in this specification of the elements of the offense. Failure to consummate the offense is no longer an element of attempt in Maine. This is consistent with recent cases holding that a conviction of attempt is proper even if the completed crime is proved. W. LaFave & A. Scott, *Criminal Law* 452 (1972).

Other provisions of the Maine Criminal Code underscore the elimination of failure as an element of attempt. 17–A M.R.S.A. § 1155(5)(B)[4] mandates that neither consecutive terms nor cumulative fines may be imposed for conviction of attempt and the related completed crime. This is a clear, though implicit, recognition that conviction of attempt is permitted under the Maine Criminal Code even when the completed crime is proved.

Furthermore, 17–A M.R.S.A. § 13(1)[5] provides for a broad prosecutorial discretion in the selection of which crimes, arising out of the same conduct, to prosecute. It is thus within the discretion of the prosecuting authority to prosecute for the attempt rather than for the completed offense. That this cannot prejudice the Defendant is assured by 17–A M.R.S.A. § 14,[6]

> A defendant may not be sentenced to consecutive terms or cumulative fines for more than one crime when:
> > One crime consists only of a conspiracy, attempt, solicitation or other form of preparation to commit, or facilitation of, the other; . . .

2. The Defendant also refers us to *State v. Sullivan*, 146 Me. 381, 384, 82 A.2d 629 (1951), which held that intent to commit the offense of operating is an element of the offense of attempting to operate, and *State v. MacNamara*, Me., 345 A.2d 509, 511–512 (1975), following *Sullivan*, concluding that attempting to operate is not a lesser included offense of operating because intent is not an element of the latter offense. These precedents add nothing to the Defendant's position since in this case all the elements of attempting to operate while under the influence of intoxicating liquor were properly proved under a complaint charging that very offense.

3. This same rule appears to have been incorporated into the definition of attempt in those jurisdictions where failure is viewed as an essential element of the offense. *See* W. LaFave & A. Scott, *Criminal Law* 452 (1972); *see also* 21 *Am.Jur.2d* Criminal Law 189 (1965); 22 *C.J.S.* Criminal Law § 75(1) (1961).

4. 17–A M.R.S.A. § 1155(5) (1978 Supp.) provides in pertinent part:

5. 17–A M.R.S.A. § 13(1) (1978 Supp.) provides: The existence of a crime other than the one charged, but based on the same conduct or arising from the same criminal episode, for which a person may be prosecuted, whether that crime is a lesser or greater crime as to elements or sentencing classification, shall not preclude prosecution for the offense charged unless a contrary legislative intent plainly appears. *Cf. State v. Heald*, Me., 307 A.2d 188, 197 (1973) (arising under pre-Code law).

6. 17–A M.R.S.A. § 14 (1978 Supp.) provides: A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were

which requires that multiple offenses based on the same conduct or arising from the same criminal episode be joined in one trial if the offenses were known to the prosecuting officer when the first trial commenced.

Taken together, these provisions of the Maine Criminal Code provide a consistent statutory pattern premised on the elimination of failure as an element of the crime of attempt. All of these provisions of the Code are made applicable to 29 M.R.S.A. § 1312(10) by the terms of 17–A M.R.S.A. § 6.[7] In the language of the statute last cited, we do not find that the context of the statute defining the crime clearly requires otherwise.[8]

The entry will be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

within the jurisdiction of the same court and within the same venue, unless the court, on application of the prosecuting attorney or of the defendant or on its own motion, orders any such charge to be tried separately if it is satisfied that justice so requires.

7. 17–A M.R.S.A. § 6(1) (1978 Supp.) provides: The provisions of chapters 1, 3, 5, 7, 47, 49, 51 and 53 are applicable to crimes defined outside this code, unless the context of the statute defining the crime clearly requires otherwise.

8. The draftsmen of the Model Penal Code, after which the Maine Criminal Code is patterned, were well aware that many statutory definitions of attempt require "failure in the perpetration" of the offense. The American Law Institute, *Model Penal Code: Tentative Draft No. 10* 27 (1960). Included in this commentary is an extensive compilation of state provisions dealing with attempts generally. Reprinted there are statutes, such as Minn.Stat.Ann. § 610.27 (Supp.1958); Fla.Stat.Ann. § 776.04 (1941); and Miss.Code Ann. § 2017 (1942), requiring failure together with statutes which omit any reference to failure, Haw.Rev.Laws § 248–1 (1955); La.Stat.Ann. § 14:27 (1950); and Wis.Stat.Ann. § 939.32(2) (1957). *Id.* at 76–77. The omission of any reference to failure in the provision of the Model Penal Code signifies the intent of the draftsmen to eliminate failure as an element of the offense. Indeed, at one point *the draftsmen declared that* under the Model Penal Code "the crime becomes essentially one of criminal purpose implemented by an overt act strongly corroborative of such purpose . . . ." *Id.* at 25.