**STATE of Maine**

v.

**James S. HENDERSON.**

Supreme Judicial Court of Maine.

Argued March 4, 1980.

Decided July 16, 1980.

John R. Atwood, Dist. Atty., William R. Anderson, (orally) Patricia Goodridge Worth, Asst. Dist. Attys., Rockland, Rae Ann French, Asst. Atty. Gen., Augusta, for plaintiff.

Calderwood, Ingraham & Gibbons, Paul L. Gibbons, Camden, (orally), for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

NICHOLS, Justice.

Following a jury-waived trial on June 19, 1979, in the Superior Court, Knox County, the Defendant, James S. Henderson, was convicted of attempting to operate a motor vehicle while under the influence of intoxicating liquor. [29 M.R.S.A. § 1312(10)(A)].[1] The fact that the Defendant had been then under the influence of intoxicating liquor was stipulated at trial. From the judgment of conviction the Defendant appeals to this Court, claiming that the evidence was insufficient to establish beyond a reasonable doubt that he made such an attempt.

We affirm the judgment of the Superior Court.

Officer Pushaw of the Rockport Police Department was the only witness to testify. He related the following facts:

Shortly after midnight on a very cold night in February, 1979, Officer Pushaw arrived at the scene of an automobile accident on Richards Hill, U.S. Route 1, Rockport, where he saw a white pick-up truck off the road and listing to its right side. The truck's engine was still running; no one was inside the cab. The Defendant was there, and he proceeded to tell Officer Pushaw that he was the operator of the vehicle, that he had been drinking, and that he had been forced off the road. The Defendant's speech was slurred, his breath smelled of alcohol, and he was unsteady on his feet. Pushaw returned to his cruiser to request assistance in clearing away two fallen telephone poles and sagging electrical wires. When he finished the call, he saw that the Defendant was back inside the truck, and he heard the truck's engine racing. He immediately asked the Defendant to turn off the engine and step outside the vehicle. The Defendant complied.

Speaking of the Defendant, Officer Pushaw further testified:

> constitutes *a substantial step toward its commission.* A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.
>
> 17–A M.R.S.A. § 152(1) (emphasis added).

---

1. The Maine Criminal Code defines the offense of attempt as follows:

 A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and *with the intent to complete the commission of the crime,* he engages in conduct which, in fact,

At first he stated he was reluctant to shut his engine off because he was afraid it would damage his engine. That's the first thing he said to me. And then he was talking about the car forcing him off the road, and he also made a statement about *he couldn't understand why he couldn't move his vehicle because it was a 4–wheel drive*, and that's all he said (emphasis added).

Upon appeal the Defendant claims (a) that racing the engine did not constitute a "substantial step" toward operating the vehicle, (b) that his statements to Officer Pushaw leave a reasonable doubt as to whether he *intended* to operate the vehicle, and (c) that because the vehicle was inoperable, he could not possibly have attempted to operate it.

 Clearly, accelerating the engine while seated in the driver's seat constituted a substantial step toward operation of the vehicle. See two pre-Code cases, *State v. Sullivan*, 146 Me. 381, 384, 82 A.2d 629, 630–631 (1951) (usual meaning of operation is to manipulate the machinery so that the power of the motor is applied to the wheels); *State v. Roberts*, 139 Me. 273, 275–276, 29 A.2d 457, 458 (1942) (dictum indicating that the mere starting of the motor with the gear in neutral may constitute operation). Nevertheless, where an attempt to operate is charged, unless the acts constituting a substantial step toward operation were done with the intent to operate, no offense is committed. 17–A M.R.S.A. § 152(1); *State v. Sullivan, supra.*

 The Defendant asserts that from the evidence adduced at trial, the presiding justice could have reached either of two conclusions on the question of the Defendant's intention in accelerating the engine. On the one hand, from the Defendant's statement to Officer Pushaw that he was reluctant to stop the engine for fear of damaging it, the Defendant argues that the presiding justice could have reasonably inferred that he had been racing the engine with the gears in neutral in order to keep it from stalling. On the other hand, from the Defendant's statement to Officer Pushaw

that he could not understand why the 4–wheel drive truck would not move, the presiding justice could have inferred, as he apparently did infer, that the Defendant had been attempting to move the truck. The Defendant claims, however, that this latter conclusion was not reasonable because of the sequence in which the Defendant made the statements. The assertion is that since the Defendant's first statement to Officer Pushaw (after complying with the officer's order to stop the engine) concerned the possibility of damage to the engine, keeping the engine from stalling must have been foremost in his mind at that time; and therefore, the second statement concerning his inability to move the truck must have referred to an event that occurred before the officer arrived at the scene of the accident. From this construction of the evidence, the Defendant contends that the State failed to prove beyond a reasonable doubt that he intended to move the vehicle.

The docket reflects that the presiding justice made a general finding of guilt beyond a reasonable doubt. The Defendant made no request for more specific findings pursuant to M.R.Crim.P. 23(c). In this situation, we assume that, in reaching his conclusion, the presiding justice found all facts necessary to support the conclusions of law which he reached. Such findings will not be set aside unless clearly erroneous. *State v. Heald*, Me., 382 A.2d 290, 302 (1978).

The presiding justice would have been warranted in construing the statement that the Defendant "couldn't understand why he couldn't move his vehicle because it was a 4–wheel drive" as an admission that he had indeed engaged in conduct with the intent to operate the vehicle. Furthermore, the presiding justice could have reasonably found that the Defendant's conduct in sitting in the driver's seat and accelerating the engine just seconds before making this statement was "strongly corroborative" of his intention to operate the truck at that time. We conclude, therefore, that there was adequate evidence from which, as a rational factfinder, the presiding justice

could be convinced beyond a reasonable doubt of the Defendant's guilt. *State v. Holmbom*, Me., 414 A.2d 1201 (1980); *State v. Myers*, Me., 407 A.2d 307, 310 (1979); *State v. Mann*, Me., 361 A.2d 897, 906 (1976).

The Defendant's third argument regarding inoperability of the vehicle is without merit. As the offense of attempt is defined by our Criminal Code, impossibility is not a defense. *See* 17–A M.R.S.A. § 152(2).[2]

The entry is:

Appeal denied.

Judgment affirmed.

---

**2.** Section 152(2) provides:

> It is no defense to a prosecution under this section that it was impossible to commit the crime which the defendant attempted, provided that it would have been committed had the factual and legal attendant circumstances specified in the definition of the crime been as the defendant believed them to be.