**STATE of Maine**

v.

**Russell KENNEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1987.
Decided Dec. 22, 1987.

---

William R. Anderson, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty., Bath, for plaintiff.

Roger S. Golin, Bath, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Russell Kenney appeals from his conviction for attempting to operate a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp.1987), after a jury-waived trial in the Superior Court (Lincoln County). Defendant's sole contention on appeal is that the evidence was insufficient to establish beyond a reasonable doubt that he had attempted to operate the motor vehicle involved. We affirm the judgment.

The sole witness at trial, Deputy Saindon of the Sagadahoc Sheriff's Department, testified that in the early morning hours of July 4, 1986, he came upon a truck parked in the middle of a two lane road. The vehicle's lights were on, and the engine was running. Peering in the driver's side of the vehicle the officer found defendant asleep behind the steering wheel with one hand on the wheel and one foot on the brake. The officer shut off the engine and roused defendant. The driver's door was stuck in a closed position and upon being awakened, defendant climbed out of the passenger side of the vehicle. After observing defendant's erratic behavior for several minutes, the officer placed defendant under arrest for operation or attempted operation of a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Supp.1987).

"When, as here, a defendant challenges the sufficiency of the evidence, we will set the conviction aside only if no trier of fact rationally could have found the elements of the crime beyond a reasonable doubt." *State v. Brewer*, 505 A.2d 774, 775 (Me. 1985); *see State v. Reardon*, 486 A.2d 112, 117 (Me.1984). Furthermore, circumstantial evidence is no less conclusive than direct evidence in supporting a conviction. *Brewer*, 505 A.2d at 775; *State v. Snow*, 464 A.2d 958, 961 (Me.1983); *State v. Crosby*, 456 A.2d 369, 370 (Me.1983).

There is ample evidence in this case to prove that defendant drove the truck to where it was discovered by the officer. It is well established that the State may prove an attempt to operate by showing that the defendant actually operated the motor vehicle while under the influence. *State v. Holmbom*, 414 A.2d 1201 n. 1 (Me.1980); *State v. Moores*, 396 A.2d 1010, 1011 (Me. 1979). Accordingly, we are unable to conclude that no trier of fact rationally could have found the elements of the crime beyond a reasonable doubt.

The entry is:

Judgment affirmed.

All concurring.