2001 ME 136

**STATE of Maine**

v.

**Michael DESCHENES**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 19, 2001.
Decided: Sept. 27, 2001.

Norman R. Croteau, Disrict Attorney, Richard R. Beauchesne, Asst. Dist. Atty., South Paris, for State.

Kelly A. McMorran, Esq., Henry W. Griffin III, Esq., Lewiston, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Michael Deschenes appeals from the judgments entered in the Superior Court (Oxford County, *Humphrey, J.*) following a consolidated trial and conviction by a jury on two charges of operating under the influence (Class D), 29–A M.R.S.A. § 2411(1) (1996).[1] On appeal, Deschenes contends that the evidence was insufficient to prove operation or attempt-

---

1. Section 2411(1) provides:
    1. Offense. A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

    A. While under the influence of intoxicants; or
    B. While having a blood-alcohol level of 0.08% or more.

ed operation for either charge. Because admissions may constitute sufficient evidence of operation or attempted operation of a motor vehicle and there is sufficient evidence as to both crimes for which Deschenes was convicted, we affirm.

## I. CASE HISTORY

[¶ 2] On May 26, 2000, Officer Harry Sims of the Oxford Police Department received a call from his dispatcher regarding a possible intoxicated driver at Rockadundee Park in Oxford. When he arrived, Sims found only one car occupied by Michael Deschenes. At trial, Sims testified that Deschenes stated that he had "two beers ... at his house and then he had driven to the park and had not had anything to drink at all since he arrived at the park" a couple of minutes earlier. In Deschenes's testimony, he offered a completely different version of the events. He testified that he did not like going out to bars and instead would meet friends in the park to drink and socialize. Deschenes testified that he consumed alcohol only after driving to the park several hours earlier, that he had placed his teeth in the glove box and his keys in the hatchback trunk, and that he was asleep in his car when Sims approached his vehicle. After conducting a series of field sobriety tests, Sims arrested Deschenes for operating under the influence (OUI).

[¶ 3] On July 7, 2000, Deschenes was again arrested by Officer Sims and charged[2] with OUI.[3] For the July arrest, Sims testified that he was on patrol when he observed Deschenes stagger across the parking lot at Rockadundee Park toward the same vehicle involved in the May 26, 2000, incident. Sims then turned his vehi-cle around and parked his cruiser directly behind Deschenes to prevent him from backing out. Upon approaching the vehicle and knocking on the driver's side window, Sims observed Deschenes "attempting to start the car" with his left hand on the steering wheel, his feet on the floor by the pedals, and his right hand attempting to insert a key in the ignition. When asked what he was doing, Deschenes responded that he was "just leaving."

[¶ 4] In contrast, Deschenes testified he was sitting on a picnic table when Officer Sims drove into the parking lot and that he only entered his vehicle when the officer demanded he do so. Deschenes testified: "I did not attempt to drive. I was not going to drive. I was there for the night."

[¶ 5] The two charges were tried jointly on December 6, 2000. The parties stipulated that Deschenes was under the influence of intoxicating liquor on both occasions. Thus, the only issue before the jury was that of operation. The jury returned guilty verdicts on both charges.

## II. DISCUSSION

[¶ 6] Deschenes argues that the evidence was insufficient to support the jury's finding of operation on May 26, 2000, and attempted operation on July 7, 2000. When a criminal defendant challenges the sufficiency of the evidence to support the conviction, we view the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found every element of the crime charged beyond a reasonable doubt. *State v. Robinson,* 2001 ME 83, ¶ 19, 773 A.2d 445, 451.

---

2. Deschenes was also charged with violation of a condition of release (Class E), 15 M.R.S.A. § 1092 (Supp.2000). The State dismissed this count prior to trial.

3. For purposes of the crime of operating under the influence, the element of "operation" includes attempted operation of a motor vehicle. 29–A M.R.S.A. § 2401(6) (1996).

▮▮ [¶ 7] The only evidence that Deschenes operated his car on May 26, 2000, is his admission to Officer Sims. Ordinarily, the corpus delicti rule prevents the use of an extra-judicial confession to convict a defendant of a crime unless (1) the State introduces evidence independent of the confession that creates a substantial belief that the crime charged has been committed by some person; and (2) the whole record, including any confessions or admissions made by the defendant, contains sufficient evidence to establish corpus delicti beyond a reasonable doubt. *State v. Chad B.,* 1998 ME 150, ¶ 5, 715 A.2d 144, 146. However, an OUI defendant's statement that he was the operator of a motor vehicle "may constitute sufficient proof by itself, without further proof of corpus delicti, that the motor vehicle was operated by the defendant." 29–A M.R.S.A. § 2431(4) (Supp.2000).[4] *See also State v. Burgess,* 2001 ME 117, ¶ 14, 776 A.2d 1223, 1229 (concluding that an admission to driving on a public way was sufficient evidence to support a guilty verdict on a habitual offender charge); *State v. Jordan,* 599 A.2d 74, 76 (Me.1991) (holding that the defendant's admission to drinking and driving was sufficient to support a finding of operating under the influence).

[¶ 8] In *State v. Shellhammer,* 540 A.2d 780, 782 (Me.1988), we held the prior version of section 2431(4) to be a constitutional exercise of the Legislature's power. Deschenes's admission alone was therefore sufficient for the jury to find the element of operation proven for the May 26 offense.

▮▮ [¶ 9] A person is guilty of OUI if he operates or attempts to operate a motor vehicle while under the influence of intoxicants or while having a blood-alcohol level of 0.08% or more. 29–A M.R.S.A. §§ 2401(6) & 2411(1). The Maine Criminal Code defines the offense of attempt as follows:

A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engaged in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

17–A M.R.S.A. § 152(1) (1983).[5] To support a finding of guilty of attempted OUI, therefore, the State must prove that the defendant took a substantial step toward the operation of a motor vehicle with the intent to operate that vehicle. *State v. Henderson,* 416 A.2d 1261, 1263 (Me.1980).

▮▮ [¶ 10] Deschenes contends that the "jury clearly and irrationally disregarded the evidence presented and returned a verdict wholly inconsistent with the facts." Officer Sims's testimony that he saw Deschenes stagger to his vehicle and that he observed Deschenes's left hand on the

---

4. Section 2431(4) allows admissions to be sufficient proof, without further proof of corpus delicti of operating under the influence, 29–A M.R.S.A. § 2411, operating after suspension, 29–A M.R.S.A. § 2412–A, or violation of the habitual offender law, 29–A M.R.S.A. § 2557. Similarly, section 2431(4) abrogates the requirement that the State provide sufficient evidence of identification independent of any admission or confession of the defendant.

29–A M.R.S.A. § 2431(4). *See also State v. Davis,* 483 A.2d 740, 743 (Me.1984).

5. The provisions in the Criminal Code defining "attempt" apply to crimes defined outside the Code, "unless the context of the statute defining the crime clearly requires otherwise." 17–A M.R.S.A. § 6(1) (2000). *See State v. Stratton,* 591 A.2d 246, 247 (Me. 1991).

steering wheel, his feet on the floor by the pedals, and his right hand attempting to insert a key in the ignition of the car is sufficient to support a finding that Deschenes took a substantial step toward operating his automobile. *See State v. Sullivan,* 146 Me. 381, 384, 82 A.2d 629, 630–31 (1951) (defining "operation" to mean a manipulation of machinery so the power of the motor is applied to the wheels). This conduct is circumstantial evidence of Deschenes's attempt to operate his vehicle. *See State v. Deering,* 1998 ME 23, ¶ 13, 706 A.2d 582, 585 (circumstantial evidence may support a criminal conviction). In conjunction with Deschenes's statement that he was "just leaving," the evidence is "strongly corroborative" of Deschenes's intent to operate his vehicle. Based on this evidence, the jury rationally could find the elements of attempted operation proven beyond a reasonable doubt for the July 7 offense.

The entry is:

Judgment affirmed.