ENTERED AUG 0 8 2014

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-27
DHM- KEN 06-23-14

SAMUEL BELL,

     Petitioner

  v.

MATTHEW DUNLAP, SECRETARY
OF STATE,

     Respondent

ORDER

Before the court is a Rule 80(C) petition for review of final agency action pursuant to 5 M.R.S.A. § 11001 *et seq.*

In March of 2013, The Bureau of Motor Vehicles (BMV) notified Mr. Bell that his license would be suspended for a period of ninety days because he operated a motor vehicle with a blood alcohol content (BAC) of 0.08% or more in February of 2013. The petitioner, through counsel, filed a timely appeal and a stay was placed on the suspension pending a hearing. A hearing was conducted, at which time the issue was whether the petitioner was operating a motor vehicle and whether at the time of the alleged operation, his BAC exceeded 0.08%. The hearing officer denied the appeal finding that "attempted operation" was not an issue and held that Mr. Bell was actually "operating" a motor vehicle and that the breath test was an accurate reflection of his alcohol level at the time of the operation. In July of 2013, the BMV issued a stay of the suspension pending the outcome of this appeal.

A person commits the criminal offense of operating under the influence if he operates a motor vehicle while under the influence of intoxicants or while having an alcohol level of 0.08 grams or more of alcohol per 100 milliliters of blood or 210 liters of breath. 29-A M.R.S.A. § 2411. To assist in the enforcement of said law, the Secretary of

State shall immediately suspend the license of a person determined to have operated a motor vehicle with an excessive alcohol level. The Secretary of State may stay the suspension until a hearing is held. The scope of the hearing must include whether the person operated a motor vehicle with an excessive alcohol level and whether there was probable cause to believe that the person was operating a motor vehicle with an excessive alcohol level. 29-A M.R.S.A. § 2453. It is Petitioner's assertion that he was not operating a motor vehicle and that the State improperly shifted the burden of proving the reliability of the breath test to the Petitioner.

Taking the second issue first, the court is satisfied that the probable cause found by the officer that Petitioner was impaired along with Petitioner's admission that he did not drink prior to being found by the officer does not shift the burden of proof notwithstanding the test of 0.08% and a possible margin of error that could lower it below the minimum requirement.

The court is asked to provide the legal definition of the term "operation" and the statutory phrase "operation of a motor vehicle" and apply it to the facts of this case. In doing so, the court is bound by the findings of fact made by the hearing officer. The hearing officer concluded from the evidence presented at the hearing that Mr. Bell was found by the law enforcement officer sitting in the driver's seat of a vehicle owned by and registered to him. The engine was running. Mr. Bell had his seat belt on and he had a hand on the steering wheel. When asked his intention, he advised, "We're waiting for a friend and then we are leaving." From these facts, and with the addition of the Petitioner's statement of intending to leave when a friend arrived, the examiner concluded that there was probable cause to believe that Mr. Bell was "operating" the motor vehicle.

2

First, it is important for the court to note that the hearing examiner made it clear that she was not finding probable cause that Mr. Bell was "attempting" to operate a motor vehicle. Had she done so, she would have had to find a substantial step toward the operation of the motor vehicle. 17-A M.R.S.A. § 152. Noteworthy is that she found operation in the absence of any step at all, let alone a substantial step. Applying that reasoning, a person doing absolutely nothing can be found to have been doing something but not found to be attempting to do something.

In the instant situation, Mr. Bell was not doing anything. [1] However, he expressed an intent to operate the motor vehicle by leaving at a future event. A Law Court decision which clearly is good law is instructive: *State v. Sullivan*, 146 Me. 381 (1951). The language in that case notes the distinction between the operation of a car and the attempt to operate as dictated by the legislature. *Sullivan* held that to operate a motor vehicle is the same as to drive it.

> It usually means that a person must so manipulate the machinery that the power of the motor is applied to the wheels to move the automobile forward or backward. The starting of the motor, however, maybe under existing circumstances be sufficient, *if* there is the intention to move the car.

*Id.* (emphasis added). The Court went further to say, "Where an attempt to operate is charged, there must be an *intent* to commit the offense of operating. Unless the acts done were done under the influence of liquor, no offense is committed." *Id.*

The State argues that *Sullivan* stands for the proposition that the court may take into consideration the intention of the accused. Indeed, in the present case, the only element adding to circumstances without an affirmative act on the part of Mr. Bell, is the intent for future operation. It is important that the court note that the addition of the intention to move the car as described in the *Sullivan* case, only exists where there is

---

[1] Unless sitting in the vehicle is doing something?

an affirmative act, in that case "starting of the motor." In other words, there must be some evidence that the starting of the motor was done with the intention to move the car. This is found in cases where persons are found asleep in the car or simply resting in a car to keep warm. In the absence of some effort by the Petitioner to manipulate any part of the mechanical or electrical machinery of the automobile, the intent is not relevant.

It is fundamental that operating a motor vehicle while impaired is not a criminal offense requiring a culpable state of mind other than the intent to operate the motor vehicle and that it must have been voluntary. The particularly affirmative acts taken by a defendant must be done intentionally or knowingly.

The court has examined every decision cited by the parties to this proceeding as well as some additional cases from multiple jurisdictions. *State v. Henderson*, 416 A.2d 1261 (1980), was an attempt case finding that accelerating the engine while seated in the driver's seat constituted a substantial step toward operation of the vehicle. Citing *Sullivan*, it says there was an attempt to operate as charged, and that unless the acts constituting a substantial step toward operation were done with the intent to operate, no offense is committed.

It was stated in an earlier case, *State v. Howard*, 139 A.2d 273 (1942), a case involving a person who was sitting behind the steering wheel with the motor running with the car in gear and both the rear wheels spinning while the front end of the motor was suspended in the air five or six inches so that the turning of the steering wheel could not control the direction or course of the motor vehicle. It cites *People v. Domagala*, 123 Misc. 757, 206 N.Y.S. 288, holding that the mere starting of a motor vehicle was sufficient to constitute its operation, notwithstanding it was parked with front wheels against the curb and never put in motion. It went on to cite *State v. Webb*, 202 Iowa 633,

4

210 N.W. 751, where a motor was started and permitted to idle with the gear in neutral; and *Commonwealth v. Clarke*, 254 Mass. 566, 150 N.E. 829, where the manipulation of the gear lever of a car standing on a grade so that it moved slightly through the operation of the law of gravity, although the motor was not started, was held operation.

In another case, *State of Vermont v. Storrs*, 105 Vt. 180 (1933), the statute provides, "A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquors." In that case, the acts which were the subject of the prosecution was the turning of the ignition switch and setting the self starter in motion. The evidence was clear that the mechanism of the automobile was so far broken down that the engine, to the defendant's knowledge, could not be set in motion. However, the defendant argued that because he had no intent to operate the vehicle and because the operation was impossible under the circumstances he could not be found to have violated the law. Notwithstanding the intent of the defendant, the court found operation of the motor vehicle by the affirmative act of turning the ignition switch.

The court notes that in *Commonwealth v. USKI*, 263 Mass. 22 (1928), which deals with a different statutory provision for operating a motor vehicle including the setting in motion of the operative machinery of the vehicle, that the court interpreted the language to mean that the defendant intentionally does an act and makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motor part of the vehicle. In that case the statute was satisfied when the defendant was found to have turned on the automobile lights.

In *State v. Deschenes*, 780 A.2d 295 (Me. 2001), the defendant was found to be "attempting to start the car" with his left hand on the steering wheel, his feet on the floor by the pedals, and his right hand attempting to insert a key in the ignition. When asked what he was doing, the defendant responded that he was "just leaving." This

5

stands for the proposition that the admissions of the defendant may be used to establish operation. While that may be the case, there is no question that his conviction was for attempting to operate and that his hand was attempting to insert a key in the ignition.

In related cases of *People v. Pomeroy* and *People v. Fulcher*, 419 Mich. 441, the defendant was asleep in a stationary car, parked, with the motor running. The defendant's head was resting against the horn, but the transmission was in neutral. The motor and fuel were on, but the lights were off. The majority opinion held that any reasonable interpretation of the phrase "operate a vehicle" cannot be held to apply to a person sleeping in a motionless car. The dissent attempts to use a definition that there is operation if the defendant is in "actual physical control of the vehicle." There is no evidence that standard has ever been accepted in the State of Maine.

It is suggested that the hearing examiner, by statute, is only required to find probable cause. This would suggest that the court is not able to apply a beyond a reasonable doubt standard as would be required to be made by a criminal jury. The argument would suggest that by a preponderance of the evidence, it is more likely than not that Mr. Bell was operating the vehicle, or, more appropriately, it is more likely than not that sometime in the future, Mr. Bell would operate the motor vehicle by taking some affirmative step. To this court, that would suggest that a person found outside of a residence with burglar tools, could be held to be charged with the offense of burglary; or a person outside a structure with matches, accelerant, and flammable fuel could be charged with arson; or that a person placing goods in a shopping cart in a supermarket inside prior to checkout, without concealment, could be charged with theft, in all of the cases, if the individual were to say that they intended to commit the crimes in question. Further, the definition of operation would be the same regardless of the burden of

6

proof. The Secretary of State, law enforcement officers, defense counsel, and trial courts are all entitled to the same definition.

The courts have slowly adopted various circumstances presented before them in deciding what is the operation of a motor vehicle in order to deal with the realities of contemporary life. But, at some point, this court believes there must be some affirmative evidence of operation, not simply the intent to do so in the future. Mr. Bell was found sitting in a motor vehicle in a position where he could operate the motor vehicle in the future and maybe had the intent to do so, but at the time of observation of all witnesses, this court finds no evidence that he was in operation, actual or implied, of that motor vehicle.

For the foregoing the entry will be:

> The final agency decision of the Bureau of Motor Vehicles in the matter of *State v. Samuel Bell*, AUGSC-AP-2013-027, is reversed.

DATED: June 23, 2014

Donald H. Marden
Superior Court Justice

<u>Kennebec</u>
County

Docket No. AP-13-27     F

Action: <u>Petition for Review</u>
           80C

**J. Marden**     ~~J. Nivison~~

Samuel Bell                              vs.            Matthew Dunlap (Secretary of State)

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Wayne R. Foote, Esq.<br>344 Mt. Hope Avenue<br>Bangor, ME 04401 | Donald Macomber, AAG<br>6 State House Station<br>Augusta, ME 04333 |

Date of Entry

| | |
|---|---|
| 7/5/13 | Petition for Review of final agency action, filed. s/Foote, Esq. |
| 7/10/13 | Letter entering appearance and indicating administrative record will be submitted as soon as it is available, filed. s/Macomber, AAG |
| 8/1/13 | Certified Record, filed (7/30/13). s/Macomber, AAG |
| 8/1/13 | Notice and Briefing Schedule issued. Copy to s/Foote, s/Macomber, AAG |
| 8/2/13 | Acknowledgement of Receipt of Summons and Complaint, filed.<br>Executed by Robert O'Connell on behalf of BMV and Donald Macomber, AAG |
| 8/9/13 | Brief of Petitioner, filed. s/Foote, Esq. |
| 10/8/13 | Brief of Respondent, filed (10/7/13). s/Macomber, AAG |
| 11/6/13 | Oral argument scheduled on 11/18/13 at 1:30 p.m.<br>Notice of Hearing mailed to Atty Foote and AAG Macomber. |
| 11/18/13 | Motion to Continue, filed. s/Foote, Esq.<br>ORDER, Marden, J.<br>Defendant's motion to continue is GRANTED.<br>Copy to Atty Foote and AAG Macomber |
| 3/25/14 | Hearing scheduled for Oral Argument April 24, 2014 at 11:15 a.m.<br>Copy sent to Foote, Macomber |
| 3/28/14 | Hearing rescheduled to 9:00 a.m. with consent of parties. |
| 4/28/14 | Oral argument held (4/24/14), J. Marden presiding.<br>Wayne Foote, Esq.; Donald Macomber, AAG<br>Tape 1841 Index 5888-6664<br>Under Advisement. |

6/24/14     ORDER, Marden, J.  (6/23/14)
            The final agency decision of the Bureau of Motor Vehicles in the matter of *State v. Samuel Bell*, AUGSC-AP-2013-027, is reversed.
            Copy to Atty Foote and AAG Macomber.
            Copy to Repositories.

6/24/14     Notice of removal of Record sent to AAG Macomber.