MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:    2015 ME 150
Docket:      Pen-14-484
Argued:      October 6, 2015
Decided:     November 24, 2015

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
             HUMPHREY, JJ.

STATE OF MAINE

v.

DOUGLAS E. BELHUMEUR

GORMAN, J.

[¶1]  Douglas E. Belhumeur appeals from a judgment of conviction for operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A), (C)(1) (2014), entered in the Unified Criminal Docket (Bangor) after a jury trial. Belhumeur challenges the sufficiency of the evidence supporting his conviction. We affirm the judgment.

I.  BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt. *See State v. Lowden*, 2014 ME 29, ¶ 3, 87 A.3d 694.  For at least two hours on the evening of November 17, 2013, Belhumeur's car was stationary on a side street near the casino in Bangor.  Throughout that period of time, Belhumeur was alone

inside the car, the car engine was running, and the headlights were on. During those hours, the engine of the car "revved" almost continuously. The officer who responded to a complaint about the revving car saw Belhumeur asleep or unconscious in the driver's seat, slouching toward the center of the vehicle. Belhumeur's left hand rested on a half-full can of "Natty Daddy" beer between his legs; his right hand rested on his right leg. A second, empty beer can was on the floor behind the front seats.

[¶3] By yelling and knocking on the car window, the officer was able to rouse Belhumeur, who responded by reaching for the steering wheel. Fearing that Belhumeur would try to drive away, the officer asked him to get out of the car. When Belhumeur did not respond, the officer opened the door and, noticing a strong odor of alcohol, again asked Belhumeur to get out. Belhumeur did not respond, so the officer reached in and turned off the ignition. The officer then asked Belhumeur a third time to get out of the car. Belhumeur instead reached for the keys, which were still in the ignition. Believing that Belhumeur was trying to restart the engine, the officer took the keys out of the ignition.

[¶4] When he finally got out of the car, Belhumeur nearly fell and, when he attempted several field sobriety tests, he was unable to follow the officer's instructions. At trial, the State introduced into evidence a video depicting Belhumeur's performance on the field sobriety tests. In addition, the officer

testified that Belhumeur had admitted to having drunk "two beers," and acknowledged that he was somewhat impaired by the alcohol.

[¶5]  The State charged Belhumeur by complaint with operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A), (C)(1).  He pleaded not guilty to the charge.  At trial, the parties stipulated that Belhumeur was under the influence of alcohol when he was arrested and that he refused to submit to a blood-alcohol-content test at the request of a law enforcement officer.  After the jury returned a guilty verdict, the court (*Lucy, J.*) entered a judgment on the verdict and sentenced Belhumeur to four days in jail, an $800 fine, and a ninety-day license suspension.  Belhumeur appeals.

## II.  DISCUSSION

[¶6]  Belhumeur argues that the evidence presented at trial is insufficient to support his conviction for operating under the influence.  When a criminal defendant challenges the sufficiency of the evidence, "we view the evidence in the light most favorable to the State in determining whether the fact-finder could rationally have found each element of the offense beyond a reasonable doubt." *State v. Jones*, 2012 ME 88, ¶ 7, 46 A.3d 1125.  "As the fact-finder, the jury is permitted to draw all reasonable inferences from the evidence presented at trial." *State v. Haag*, 2012 ME 94, ¶ 17, 48 A.3d 207.  The same standard applies whether

4

that evidence is direct or circumstantial. *State v. Kenney*, 534 A.2d 681, 682 (Me. 1987).

[¶7] For the jury to find Belhumeur guilty of operating under the influence as charged, the State had the burden to prove that he "[o]perate[d] a motor vehicle . . . [w]hile under the influence of intoxicants" and that he "failed to submit to a test at the request of a law enforcement officer." 29-A M.R.S. § 2411(1-A)(A), (C)(1). As defined by statute, "'[o]perating,' in any form, means operating or attempting to operate a motor vehicle."[1] 29-A M.R.S. § 2401(6) (2014). To prove attempted operation, "the State must prove that the defendant took a substantial step toward the operation of a motor vehicle with the intent to operate that vehicle." *State v. Deschenes*, 2001 ME 136, ¶ 9, 780 A.2d 295.

[¶8] Belhumeur's sole contention on appeal is that no rational jury could find that he operated or attempted to operate his vehicle. We disagree. Viewing the evidence in the light most favorable to the State, as we must, we cannot conclude that no rational jury could have found, beyond a reasonable doubt, that Belhumeur, while impaired, either drove his car to its resting place or attempted to

---

[1] Pursuant to the Criminal Code, a person commits attempt when, "acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, the person engages in conduct that in fact constitutes a substantial step toward its commission." 17-A M.R.S. § 152(1) (2014). "The provisions of [the Criminal Code defining attempt apply] to crimes defined outside [the Criminal Code], unless the context of the statute defining the crime clearly requires otherwise." 17-A M.R.S. § 6(1) (2014).

drive his car after the officer woke him up. *See Deschenes*, 2001 ME 136, ¶ 10, 780 A.2d 295; *State v. Rossignol*, 654 A.2d 1297, 1299 (Me. 1995); *Kenney*, 534 A.2d at 682.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant Douglas E. Belhumeur

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

**At oral argument:**

Jeffrey C. Toothaker, Esq., for appellant Douglas E. Belhumeur

Susan J. Pope, Asst. Dist. Atty., for appellee State of Maine

Penobscot Unified Criminal Docket docket number CR-13-4423
FOR CLERK REFERENCE ONLY