STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-12

EDWARD MULLINS

     Petitioner

ORDER ON
PETITION FOR REVIEW OF
AGENCY ACTION

v.

SECRETARY OF STATE,

     Respondent

Before the court is Edward Mullins' Rule 80(C) petition for review of final agency action taken by the Bureau of Motor Vehicles. For the following reasons, the petition is denied.

Background

On October 7, 2017, Bucksport Police Officer Ryan Welch was at a restaurant when he observed Appellant Edward Mullins swaying back and forth on a stool at the bar. (Tr. 7.) Officer Welch observed Petitioner get up to leave the bar and heard him slur his speech as he was leaving. (Tr. 7-8.) Officer Welch could also see that Mullins' eyes were watery and that he was having trouble walking straight. (Tr. 8.) Officer Welch then observed Mullins fumble with his keys, get into a vehicle and start the engine. (Tr. 8-9; Ex. 1.) Officer Welch then initiated contact with Mullins who smelled of intoxicants and admitted to having two drinks. (Tr. 9.) Officer Welch had Mullins perform field sobriety tests. (Tr. 9.) After the field sobriety tests Officer Welch arrested Mullins for operating under the influence and transported him to the Bucksport Police department to administer an intoxilyzer test. (Tr. 17.) The results of the test were .11 grams of alcohol per 210 liters of breath. (Tr. 17.)

1

On December 6, 2017, the Secretary of State suspended Mullins' license for 150 days. On February 8, 2018, the Secretary of State held an administrative hearing at which both Officer Welch and Mullins presented testimony. At the conclusion of the hearing the hearing examiner found that there was ample evidence of intoxication. (Tr. 47.) On February 23, 2018, the Hearing Officer issued a written decision in which she found that it was reasonable for Officer Welch to conclude that Mullins was attempting to operate his vehicle. (R. Tab 3.) Accordingly, Mullins' petition to vacate the administrative suspension was denied. (R. Tab 3.) Mullins timely filed this appeal on March 20, 2018.

Standard of Review

In reviewing the hearing officer's decision, the Court reviews the record of the administrative agency directly to determine "whether the Hearing Examiner abused her discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Abrahamson v. Secretary of State*, 584 A.2d 668, 670 (Me. 1991). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." *Lewiston Daily Sun v. Maine Unemployment Insurance Comm'n.*, 1999 ME 90, ¶ 7, 733 A.2d 344, 346 (quoting *Crocker v. Maine Unemployment Insurance Comm'n.*, 450 A.2d 469, 471 (Me. 1982)). "A reviewing court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result." *Dodd v. Secretary of State*, 526 A.2d 583, 584 (Me. 1987). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *See CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. The burden of proof rests with

2

the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the agency's decision. *Lewiston Daily Sun*, 1999 ME 90, ¶ 7, 733 A.2d 344.

Discussion

On appeal, Mullins does not challenge the Hearing Examiner's findings regarding intoxication. The sole issues before the court are whether substantial record evidence exists which supports the Hearing Examiner's conclusions that Mullins was attempting to operate a motor vehicle and that Officer Welch had probable cause to believe Mullins was attempting to operate a motor vehicle.[1]

Attempted operation exists where an individual takes a "substantial step toward the operation[2] of a motor vehicle with the intent to operate that vehicle." *State v. Deschenes*, 2001 ME 136, ¶ 9, 780 A.2d 295 (citing *State v. Henderson*, 416 A.2d 1261, 1263 (Me. 1980). "A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime." *Id.* (citing 17-A M.R.S.A § 152(1) (1983)). "When the circumstances alleged to show probable cause are established, the question of whether those circumstances constitute probable cause, including the reasonableness of a defendant's belief to support probable cause, is a question of law for the court." *Trask v. Devlin*, 2002 ME 10, ¶ 14, 788 A.2d 179.

Mullins argues that there is insufficient direct or circumstantial evidence to support a finding that he intended to operate his motor vehicle. (Appellant's Memo. at 6-7.) Mullins places

---

[1] *See* 29-A M.R.S. § 2453(8) (2017).
[2] Operation is defined as "manipulat[ion] [of] the machinery [such] that the power of the motor is applied to the wheels to move the automobile forward or backward." *State v. Sullivan*, 8 .2d 629, 631, 146 Me. 381, 384 (1951).

great weight on the lack of any admission that he intended to drive[,] as well as the lack of any evidence that Mullins engaged the gear shift, placed his feet on the pedals, turned on the car headlights, or turned the wheel away from the curbing. (*Id.*)

Mullin's argument relies primarily on distinguishing the present case from *State v. Deschenes*, 2001 ME 136, 780 A.2d 295. In *Deschenes*, the Law Court held that evidence that the defendant was observed staggering to his vehicle, wherein the defendant placed one hand on the steering wheel, placed his feet on the floor by the pedals, and attempted to put the key in the ignition, was sufficient to support the jury's finding that the defendant had taken a substantial step toward operating a motor vehicle. *Id.* ¶ 10. The Court further held that, "in conjunction with [the defendant's] statement that he was 'just leaving,' the evidence [was] 'strongly corroborative' of [the defendant's] intent to operate his vehicle." *Id.* ¶ 10.

While it is true that Mullins did not make any pre-arrest statement similar to the one made in *Deschenes*, such an admission is not necessary to create an inference of intent. In *State v. Belhumeur*, the Law Court held that the jury could rationally have found beyond a reasonable doubt that the defendant had attempted to operate his vehicle when he reached for the vehicle's steering wheel and keys after being roused from sleep.[,] 2015 ME 150, ¶ 8, 128 A.3d 646. In this case, the record reveals competent evidence showing that Mullins left the bar, walked to his car,

[,] After the intoxilyzer test, Mullins did in fact tell Officer Welch that he was only driving ten minutes to get home and should have been allowed to do that. (Tr. 44.) Because this statement was made after the intoxilyzer test it may not be used as part of the probable cause determination. *See Powell v. Secretary of State*, 614 A.2d 1303, 1305 (Me. 1992.)
[,] In *Belhumeur*, the defendant had been alone in his vehicle for a period of at least two hours during which the vehicle was parked on a side street with the engines running and the headlights on. *State v. Belhumeur*, 2015 ME 150, ¶ 2, 128 A.3d 646. An officer responding to complaints about a "revving" car observed the defendant to be asleep or unconscious in the vehicle with a beer can between his legs and an empty beer can on the floor. *Id.* The officer roused the defendant by knocking on the window. *Id.* ¶ 3. The defendant then reached for the steering wheel after which the officer opened the door and turned the engine off. *Id.* After asking the defendant for a third time to step out of the vehicle the defendant reached for the keys. *Id.* The officer then removed the keys from the ignition. *Id.*

4

got inside the car, and started the engine. Unlike in *Deschenes*, Mullins was not merely attempting to start the car but had actually started it.

The evidence is strongly corroborative that Mullins intended to operate his vehicle. *See id.*; *Deschenes*. 2001 ME 136, ¶ 10, 780 A.2d 295. This court may not reach a contrary conclusion and reverse the decision of the hearing officer merely because there is a lack of evidence that Mullins engaged the gear shift, placed the car in reverse, activated the headlights or admitted his intent to drive. *Dodd*, 526 A.2d at 584; *CWCO*, 1997 ME 226, ¶ 6, 703 A.2d 1258.

Further, the holding in both *Deschenes* and *Belhumeur* was that sufficient evidence existed for a jury to find beyond a reasonable doubt that the defendant had attempted to operate the vehicle. In contrast to the reasonable doubt standard, "the quantum of proof necessary to establish probable cause is less than the level of fair preponderance of the evidence." *State v. Bradley*, 658 A.2d 236, 237 (Me. 1995). This standard leaves room for reasonable mistakes to be made by investigating law enforcement officers. *State v. Heald*, 314 A.2d 820, 824-25 (Me. 1973) (citing *Brinegar v. United States*, 338 U.S. 160, 174 (1949)). Based on the facts and circumstances known to Officer Welch, a reasonably prudent person could believe that Mullins was attempting to operate the vehicle. *See State v.* Tomah, 586 A.2d 1267, 1269 (Me. 1991) (stating that "[p]robable cause is present if all the facts and circumstances would lead a reasonably prudent person to believe that contraband or evidence of a crime are located in the place to be searched"). Accordingly, the Hearing examiner did not commit any error of law when she concluded that Officer Welch had probable cause to believe Mullins was attempting to operate a motor vehicle. *Trask*, 2002 ME 10, ¶ 14, 788 A.2d 179; *Abrahamson*, 584 A.2d at 670.

Conclusion

5

For the reasons discussed above, substantial record evidence exists supporting the Hearing Examiner's conclusions that Mullins was attempting to operate a motor vehicle and that Officer Welch had probable cause to believe Mullins was attempting to operate a motor vehicle. Accordingly, Petitioner's Rule 80C appeal is denied.

The Entry is

Petitioner's Petition for Review of Agency Action is DENIED

Date: August 14, 2018

M. Michaela Murphy
Justice, Superior Court

**Entered** on the docket　8/15/18