STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-2021-31

JOSEPH MACK,

    Petitioner,

    v.

SECRETARY OF STATE, BUREAU
OF MOTOR VEHICLES

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

**M.R. Civ. P. 80C DECISION**

REC'D CUMB CLERKS OFC
FEB 3 '22 PM 12:38

Petitioner Joseph Mack ("Mr. Mack") seeks judicial review, pursuant to M.R. Civ. P. 80C, of a decision of a hearing examiner for the Secretary of State, Bureau of Motor Vehicles denying Mr. Mack's petition for review of a three-year administrative suspension of his license pursuant to 29-A M.R.S. § 2453 (2021). Mr. Mack appeals on the grounds that the record does not support the hearing examiner's conclusions that the arresting officer had probable cause to believe that Mr. Mack had operated a motor vehicle with an alcohol level in excess of 0.08 grams per 210 liters of breath, and that Mr. Mack did operate a motor vehicle with an excessive alcohol level. For the following reasons, the Court denies Mr. Mack's appeal.

I.    **Background**

On July 26, 2021, at 2:09 a.m., Officer Anthony Balko of the Westbrook Police Department found Mr. Mack asleep in his vehicle, which was stopped in the middle of the roadway, running, and in drive. (R. Tab 5, at 10, 17, 48.) When Officer Balko asked Mr. Mack to put the car in park, Mr. Mack struggled to do so. (R. Tab 5, at 20.) There was an odor of alcohol on Mr. Mack's breath, and he admitted to having two drinks about two hours earlier. (R. Tab 5, at 10, 48.) Mr. Mack's speech was slurred. (R. Tab 5, at 27.)

Officer Balko administered the horizontal gaze nystagmus ("HGN") test, during which Mr. Mack presented four valid clues. (R. Tab 5, at 11-13, 48.) Mr. Mack did not follow Officer Balko's instructions for the final two clues. (R. Tab 5, at 11, 48.) Officer Balko was trained to administer the HGN test at the Maine Criminal Justice Academy. (R. Tab 5, at 15-16.) He was certified in the HGN test, but not proficient. (R. Tab 5, at 15-16, 49.) Nonetheless, the hearing examiner found that Officer Balko was adequately trained to administer the HGN test and properly administered the test. (R. Tab 5, at 49-50.) Mr. Mack refused to perform the walk-and-turn test and the one-leg stand test. (R. Tab 5, at 13-14, 17, 48-49.)

Mr. Mack was transported to Westbrook Police Station. (R. Tab 5, at 14-15.) Before administering the Intoxilyzer breath alcohol test, Officer Balko checked Mr. Mack's mouth and then conducted an observation period of at least fifteen minutes during which Officer Balko did not break audio or visual contact with Mr. Mack. (R. Tab 5, at 14-15, 49.) No disqualifying events occurred during the observation period. (R. Tab 5, at 15.) The test result was 0.12 grams of alcohol per 210 liters of breath. (R. Tab 5, at 49; R. Tab 7, at 1.)

Effective September 17, 2021, the Secretary of State administratively suspended Mr. Mack's driver's license based on a report from Officer Balko that Mr. Mack had operated a motor vehicle with an excessive alcohol level on July 26, 2021. (R. Tab 6, at 1; Tab 8, at 1-2.) At Mr. Mack's request, an administrative hearing was held by telephone on October 20, 2021, to address whether, by a preponderance of evidence (1) there was probable cause to believe that Mr. Mack was operating a motor vehicle with an alcohol level of 0.08 grams or more per 100 milliliters of blood or 210 liters of breath, and (2) Mr. Mack had operated a motor vehicle with an alcohol level of 0.08 grams or more per 100 milliliters of blood or 210 liters of breath. (R. Tab 8, at 5; Tab 5, at 1-52.)

The hearing examiner credited Officer Balko's testimony and report on the location of the car, whether the car was in drive and on, and the validity of the breath test observation period. (R. Tab 5, at 50.) The hearing examiner concluded that, by a preponderance of the evidence, probable cause to believe that Mr. Mack was operating a motor vehicle with an excessive alcohol level existed, and that Mr. Mack had operated a motor vehicle with an excessive alcohol level. (R. Tab 5, at 51-52.)

On appeal, Mr. Mack primarily argues that the record does not support the hearing examiner's conclusions because (1) Officer Balko did not see Mr. Mack operating the vehicle or attempting to operate the vehicle, (2) the HGN test was not reliable, and (3) the observation period before administering the breath alcohol test was invalid.

## II.    Rule 80C Standard

Review of final actions of state agencies by the Superior Court is governed by the Maine Administrative Procedures Act, 5 M.R.S. §§ 11001-11008 (2021), and M.R. Civ. P. 80C. The court is authorized to reverse an agency's decision if the decision is in violation of constitutional or statutory provisions, in excess of statutory authority, made upon unlawful procedure, affected by bias or error of law, unsupported by substantial evidence in the record, or arbitrary or capricious, or characterized by abuse of discretion. 5 M.R.S. § 11007(4)(C); *see Goodrich v. Me. Pub. Emps. Ret. Sys.*, 2012 ME 95, ¶ 6, 48 A.3d 212. The court shall not substitute its judgment for that of the agency on questions of fact. 5 M.R.S. § 11007(3). The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501.

## III.    Discussion

### A. Probable Cause

Generally, probable cause exists where information allows a prudent and cautious person to believe that a crime was or is being committed. *State v. Palmer*, 2018 ME 108, ¶ 10, 189 A.3d 1009. To have probable cause to believe a person was operating a motor vehicle while impaired, "an officer only needs evidence sufficient to support the reasonable belief that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink." *Id.* (quoting *State v. Forsyth*, 2002 ME 75, ¶ 14, 795 A.2d 66 (quotation marks omitted)); *see Turner v. Sec'y of State*, 2011 ME 22, ¶ 11, 12 A.3d 1188. This is a "very low threshold." *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976. "The symptoms of impairment have not been exhaustively listed, but include erratic driving, slurred speech and glassy eyes, a smell of alcohol on the driver's breath, an admission by the driver that he had consumed alcohol, and poor performance on field sobriety tests." *Turner*, 2011 ME 22, ¶ 11, 12 A.3d 1188; *see Palmer*, 2018 ME 108, ¶ 10, 189 A.3d 1009. "A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving." *Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976.

Mr. Mack argues that Officer Balko did not see Mr. Mack operating the vehicle or attempting to operate the vehicle. Attempted operation exists where an individual takes a "substantial step toward the operation of a motor vehicle with the intent to operate that vehicle." *State v. Deschenes*, 2001 ME 136, ¶ 9, 780 A.2d 295. Mr. Mack places great weight on the fact that, because he was unconscious when Officer Balko found him, he could not have intended to operate the vehicle at that time. However, Mr. Mack was found with the vehicle in the middle of the roadway, in drive, and running. Thus, the hearing examiner's finding that Officer Balko had probable cause to believe that Mr. Mack did intentionally operate or attempt to operate the motor vehicle is supported by substantial evidence.

Next, Mr. Mack argues that the hearing examiner erred in finding that Officer Balko had probable cause to believe that Mr. Mack was impaired by the consumption of alcohol. Specifically, Mr. Mack contests the reliability of the HGN test in this case because Officer Balko was not deemed proficient in administering the HGN test. The hearing examiner found that Officer Balko was adequately trained to administer the HGN test and properly administered the test. *See State v. Simons*, 2017 ME 180, ¶ 15, 169 A.3d 399. Substantial evidence in the record supports this finding.

Mr. Mack presented four valid clues during the HGN test. Moreover, Officer Balko found Mr. Mack unconscious in his vehicle, which was stopped in the middle of the roadway, in drive. Mr. Mack struggled to put the car in park. His speech was slurred, there was an odor of alcohol on his breath, and he admitted to having two drinks. Thus, substantial evidence in the record supports the hearing examiner's finding of probable cause.

### B. Operation of a Motor Vehicle with Excessive Alcohol Levels

Finally, Mr. Mack argues that the hearing examiner's conclusion that Mr. Mack operated a motor vehicle with excessive alcohol levels was erroneous because the observation period was invalid. The hearing examiner credited Officer Balko's testimony that Mr. Mack's car was running, in drive, and stopped in the middle of the roadway. The hearing examiner found that the breath alcohol test was preceded by a valid mouth check and valid observation period, which is supported by Officer Balko's testimony. The Court may not substitute its judgment for that of the hearing officer merely because Mr. Mack's testimony, if credited, could support a different finding. 5 M.R.S. § 11007(3); *Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987). The breath alcohol test resulted in a reading of 0.12 grams per 210 liters of breath. Thus, substantial evidence in the record supports

the hearing examiner's finding that Mr. Mack operated a motor vehicle with excessive alcohol levels.

## IV.  Conclusion

For the foregoing reasons, the Court must deny Mr. Mack's appeal.

The entry is:

Petitioner Joseph Mack's Rule 80C appeal is DENIED.

The Clerk is directed to incorporate this Decision into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _February 3, 2022_

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 02/03/2022